## (March 26, 1968)

■ HAROLD G. LACKS, Appellant, v. IRENE R. LACKS, Respondent.— Judgment, dismissing the complaint after trial in this separation action, unanimously reversed, on the law and on the facts and new trial ordered, without costs or disbursements to either party. Defendant did not appear at the trial, nor was there any deposition from her presented to the court. Plaintiff's testimony stands uncontradicted, although defendant was represented by counsel, who cross-examined plaintiff at length. If the court below believed the testimony of the plaintiff then the conduct of the defendant, as testified to by the plaintiff, might well be found to constitute cruelty. The court did indicate that it credited substantially plaintiff's testimony concerning his wife's conduct toward him. Were there no other questions in the case we might well have made our own findings on the basis of the evidence adduced. Unfortunately, however, the

record is very unsatisfactory and it is silent on a number of important matters. The defendant initiated a proceeding in the Family Court, in Manhattan, against the plaintiff in 1963, for nonsupport, in which the plaintiff was directed to pay to the defendant $3,000 per month. What is the status of that proceeding? Did the plaintiff comply with the order of that court? Are there any moneys due and owing to the defendant under that court order? He testified that he paid $12,000 for four months, but there is no legal evidence showing why he stopped payments. It is clear that, after stopping these payments, the plaintiff went to Paris, France, where he started an action for separation against the defendant. According to the plaintiff's own testimony the French courts directed him to pay $1,500 per month and later he was ordered to pay $3,000 per month for the support of his wife. At the trial below he admitted that he did not comply with such order and criticized the French courts because of their decision, at the same time conceding that there is due to the defendant, under that French order, the sum of $40,000. The next thing that happened is that he came back to New York City and started this action against his wife for separation. It is important to know whether, in the French courts, he alleged against the defendant the same acts of cruelty upon which he relies in the case at bar. Under the circumstances disclosed in this case, one is made to wonder whether this plaintiff has been seeking a new jurisdiction each time that the case goes against him. In other words, is he forum shopping? We believe that there should be a further exploration of the matters hereinabove listed. We have noted that some explanation was given by counsel for the defendant's nonappearance at the trial, based upon some difficulty that she is supposed to be having with the immigration authorities. However, this would in no way prevent her from submitting any testimony, if she so desires, by way of deposition or interrogatories. Concur — Steuer, J. P., Capozzoli, McGivern, McNally and Bastow, JJ.