Nathaniel T. Helman, J.
Motions under calendar numbers 50 and 51 of March 19, 1974 are consolidated for disposition.
Both of these motions are brought ¡to dismiss the complaint in an action to set aside a foreclosure sale and to restore possession of, and title to, the subject property to the plaintiff, *583 Irene Lacks. At the conclusion of the foreclosure sale, the property was conveyed by the referee, Janet Fine Cotton, one of the moving defendants herein, to ‘ ‘ Parviz Sepahbodi, as Consul General of Iran in New York, on behalf of the Government of Iran, and his respective successors in such office, 630 Fifth Avenue, New York, New York ”. Moshen Goodarzi, the other defendant movant herein, is the successor of Parvis Sepahbodi, as Consul General of Iran in New York.
The grounds asserted in support of the dismissal and common to both motions are: (1) that the court lacks jurisdiction over the subject matter of this action because it involves a foreign consul over whom jurisdiction is exclusively vested in the Federal District Courts; (2) that prosecution of the action against Consul General Goodarzi is barred by reason of his immunity; and (3) that the plaintiff, Irene Lacks, is barred from bringing this action by collateral estoppel involving a prior determination by the Appellate Division of the First Department. In addition, the defendant Cotton contends that the sale by her as referee was held pursuant to a lawful order of this court and, as such, may not be set aside.
In the earlier action a mortgage foreclosure proceeding was brought by plaintiff’s husband concerning this property, wherein the present plaintiff asserted as a defense and counterclaim that by special agreements between the husband and wife, the husband had agreed to convey title to the wife. The counterclaim sought specific performance. Special Term having dismissed the counterclaim, a judgment of foreclosure was entered, and at the foreclosure sale, the government of Iran, as the highest bidder, purchased the property. Plaintiff appealed from the order of dismissal and the Appellate Division reversed both the order and judgment, holding that plaintiff was entitled to interlocutory judgment on her counterclaim. The court said: “ At the foreclosure sale the property was purchased by the Government of Iran for $342,500, and it may be anticipated that any attempt to regain its possession will be met by a claim of sovereign or diplomatic immunity.” (Lacks v. Lacks, 39 A D 2d 485, 488.)
In the exercise of its equitable discretion the court, in lieu of awarding 'possession of ¡the property to the wife, granted her an accounting, stating: “ It seems to us that justice will be served by directing that plaintiff account for and pay to defendant the proceeds of the foreclosure sale, crediting the plaintiff with any portion thereof found to be properly chargeable to defendant.” (Supra, p. 489.)
*584 The equitable determination of the Appellate Division was further challenged by application for reargument ¡and resettlement, but such relief was denied, as was her cross appeal to the Court of Appeals.
Plaintiff in the present proceeding, reiterates her request for possession of the premises and is, at once confronted with the application of the doctrine of collateral estoppel. That doctrine may be urged by ¡a litigant whether or not he was a party to the first litigation. Under the enlightened principle of Schwartz v. Public Administrator of County of Bronx (24 N Y 2d 65) only two prerequisites must be established: (1) an identity of issue which has necessarily been decided in the prior action and is decisive of the present action; and (2) a full and fair opportunity to contest the decision now said to be controlling.
Conisededly, plaintiff urged in her original counterclaim, as she doek in her present complaint, that she was entitled to possession, and title to the premises. The issue was decided by the exercisXof the court’s equitable discretion, and represents an “ identityxof issue ” with the relief presently prayed for. The requested award of possession was, of itself, an equitable remedy, and the court’s decision represented a choice made within its equitable jurisdiction (Zizzi v. Zizzi, 33 A D 2d 926). Furthermore, there can be little doubt that the second Schwartz requirement was met, namely, “ a full and fair opportunity to contest ”, since all of the arguments presently made were urged upon the Appellate Division.
Plaintiff has analyzed at great length the claim of diplomatic immunity urged by defendant, and has sought to demonstrate that the house involved was maintained not for official purposes, but as a residence. Several reasons /can be presented why the contentions of plaintiff in this regard lack merit: (1) The Consul General’s status having been conclusively confirmed by the United States Department of State, jurisdiction over the subject matter is governed by section 1351 of title 28 of the United States Code which provides for original jurisdiction in the United States courts of all actions and proceedings against consuls or vice-consuls. (Davis v. Packard, 32 U. S. 276; Arcaya v. Paez, 145 F. Supp. 464, affd. 244 F. 2d 958.) (2) The consular treaty between the United States and Iran specifies the immunities to be accorded consular representatives, and holds them “ not subject to local jurisdiction for acts done in their official character and within the scope of their authority.” A letter annexed to defendant’s papers confirms the official status of the residents of this building, that all are stationed there for *585 government purposes and that their duties fall within the “ official character” described in article XVIII of the treaty. (8 U. S. Treaties and Other International Agreements, pp. 899, 912.) The Consul General is thus entitled to immunity from jurisdiction mandated by the treaty. (United States v. Pink, 315 U. S. 203.) (3) The holding of the Appellate Division was
based on the probability that “ any attempt to regain its possession will be met by a claim of sovereign or diplomatic immunity.” (Lacks v. Lacks, 39 A D 2d 485, 488 supra.) Thus, the court in balancing the equities between the parties, and without actually making a factual finding on the status of defendant’s immunity, determined that the interests of the parties could best be equitably served by limiting plaintiff to her rights to an accounting. That holding the court accepts as binding, in view of all of the surrounding circumstances.
Accordingly, each of the motions is granted, and the complaint is dismissed. The application of defendant Cotton for additional fees is denied without prejudice to such claim as she may choose to assert before the referee in the surplus moneys proceeding.