■ HAROLD G. LACKS, Appellant-Respondent, v IRENE R. LACKS, Respondent-Appellant.—Order, Supreme Court, New York County, entered June 18, 1975 modified, on the law, to strike that part of the order which granted defendant's motion to vacate a judgment of divorce entered March 16, 1970 and the orders modifying that judgment entered on September 16, 1970 and April 15, 1971, the motion denied and the afore-mentioned judgment and orders are hereby reinstated, and as so modified the order is affirmed, without costs or disbursements. Defendant, by her thirty-second attorney, (since the parties' matrimonial difficulties began) seeks to vacate a judgment of divorce which was granted by the Supreme Court in 1970, affirmed by the Appellate Division in 1972 *(Lacks v Lacks,* 40 AD2d 764), with leave to appeal to the Court of Appeals being denied by both the Appellate Division and the Court of Appeals *(Lacks v Lacks,* 31 NY2d 647; mot for rearg den 33 NY2d 644). This long-delayed attack upon the divorce decree is predicated on the ground that the judgment is void because the court lacked subject matter jurisdiction. The factual basis for that contention rests upon testimony contained in the trial transcript which was before this court on prior appeals. However, it is maintained, in accordance with ancient and revered law, that this alleged jurisdictional defect may be raised even at this late date. We find, however, that defendant's contention lacks merit and that the judgment of divorce had a proper jurisdictional foundation. We note initially, that this is not the first time defendant has sought to raise questions concerning the court's jurisdiction in this matter. The action herein was first brought in August of 1965, plaintiff then seeking separation on the ground of cruel and inhuman treatment. At that time section 230 of the Domestic Relations Law, provided (insofar as here relevant), that an action for separation could be maintained "Where the parties were married within the state and either the plaintiff or the defendant is a resident thereof when the action is commenced." (Although the statute uses the term "residence", such has been construed to be synonymous with "domicile" *Usher v Usher,* 41 AD2d 368.) The defendant, by her answer, asserted that neither plaintiff nor defendant were residents or domiciliaries of the State of New York and that the court lacked jurisdiction over this action. Although the trial court at that time stated that it had not considered the preliminary issue of plaintiff's residence—the court, having found insufficient evidence to grant the separation—the issue was thereafter specifically raised on appeal, plaintiff urging that the evidence was sufficient to establish his domicile in New York. Accordingly, when this court *(Lacks v Lacks,* 29 AD2d 854) reversed the trial court's dismissal of the complaint and ordered a new trial, of necessity, it was concluded that, at least at the time of the commencement of the action, plaintiff, indeed, was a New York State domiciliary. Thereafter, by the time the second trial was had in November of 1969, the Domestic Relations Law was amended to permit an action for divorce on the ground of cruel and inhuman treatment (Domestic Relations Law, § 170 subd [1]). Accordingly, prior to trial, plaintiff served a notice of intent to amend his complaint to set forth a cause of action for divorce and at trial the motion was made and granted over defendant's contention that the court lacked jurisdiction to entertain a divorce action. And again on appeal to this court —wherein we affirmed the judgment of divorce—it was argued by the defendant that it was improper to allow amendment of the complaint. But

the defendant maintains that the present contention—albeit based upon facts contained in the prior records on appeal—was never raised previously nor passed upon by the courts. The specific claim now raised is as follows. It is argued that the amendment of the complaint, which relates back to service of the original complaint (CPLR 203, subd [c]) was improper since there was a failure to establish residency as required under section 230 of the Domestic Relations Law as amended. That section (subd 2) requires residency of either of the parties "for a continuous period of one year immediately preceding" the action. Relying upon the trial testimony, it is contended that clearly, defendant was not a New York resident and further, that plaintiff by his own testimony, established that he left his Paris residence in December, 1964, and accordingly, could not have been a resident of New York for one year at the time the action was first brought in August of 1965. However, defendant's argument fails to recognize the purpose of the residency requirement as well as the proof in the record establishing the court's power and jurisdiction to grant the divorce. Section 230 of the Domestic Relations Law sets forth those instances in which the State deems there to be a substantial interest in permitting an action to dissolve a marriage relationship. In this respect various jurisdictional factors are enumerated, such as residence, solemnization of the marriage in the State and occurrence of the offense in the State. Here, of course, there were numerous factors establishing the State's interest in permitting maintenance of this action. Not only were the parties married in New York, but they lived in New York for a number of years, maintaining residences at various addresses; and certain of the allegations of cruelty related to incidents which occurred in New York. And even assuming, that plaintiff was not a domiciliary for one year prior to institution of the action in 1965, there is, nevertheless, evidence establishing the necessary length of residency in this State to grant the divorce. As stated above, the action for separation was properly brought and accordingly, the court had jurisdiction over the parties and over the marital res. And, we note that when the action was brought, subdivision (2) of section 170 of the Domestic Relations Law only required the parties to have been married within the State in order to maintain an action for divorce. (At that time, however, cruelty was not a ground for divorce.) Subsequently, as previously stated, while the action was pending, the law changed and permitted divorce on the same grounds as was urged in support of the complaint for separation. And, there is evidence to establish that during the interim period—at least during the years 1966 and 1967—plaintiff did indeed reside in New York and filed tax returns from New York. Hence, plaintiff's nexus to New York as a domiciliary continued for a period well beyond one year. Under the circumstances, therefore, the continued residency, after the action was brought, and prior to entry of a decree, gave the court jurisdiction to permit amendment of the complaint. Indeed, to hold otherwise, would exalt form over substance since plaintiff could have instituted another action seeking to dissolve the marriage at any time after he completed the one-year residency requirement. Accordingly, we are of the belief that the one-year residency requirement, was improperly given retroactive effect herein, i.e., to the date of the original action for separation and that there was jurisdiction to grant the divorce. Concur—Markewich, J. P., Kupferman and Tilzer, JJ.; Capozzoli, J. concurs in the result in a memorandum and Murphy, J. dissents in a memorandum, as follows: Capozzoli, J. (concurring). I concur in the result reached by the majority. The Supreme Court, New York County, obtained jurisdiction over the original separation action commenced by plaintiff in

August, 1965, by virtue of the parties' marriage here and plaintiff's then residence here (former Domestic Relations Law, § 230, subd 2). Those facts would also have sufficed to confer jurisdiction on the court had plaintiff then sued for divorce (former Domestic Relations Law, § 170, subd [2]). Accordingly, in view of the circumstances disclosed in the record, as outlined in the majority memorandum, I do not believe that the court lost the jurisdiction which it had over this matrimonial controversy as a result of plaintiff's subsequent amendment of his complaint by which he sought and obtained a divorce decree rather than a separation upon the same allegations contained in the original pleading. Murphy, J. (dissenting). I would affirm the order on appeal insofar as it sets aside a prior judgment of divorce (as subsequently modified) for the carefully considered reasons given by the learned Justice below. However, I would modify said order to the extent that it denied defendant a $5,000 counsel fee; and grant the same. The history of this extensive litigation reveals that plaintiff has paid only a nominal amount for defendant's counsel fees, primarily because defendant had previously refused to claim a sum exceeding $200,000 available to her in connection with a foreclosure action. That deposit has now been substantially reduced, if not completely exhausted, by liens filed thereagainst. The record before us discloses that defendant is now impoverished, while plaintiff has the means, and the legal obligation, to pay such amount.