## (September 27, 1979)

■ HAROLD G. LACKS, Appellant, v IRENE R. LACKS, Respondent, et al., Defendants.—Judgment, Supreme Court, New York County, entered June 7, 1978, dismissing the complaint in the foreclosure action, with costs and disbursements, including discretionary costs of $3,000, is unanimously modified, on the law and the facts, and in the exercise of discretion, so as to strike the second decretal paragraph thereof awarding $3,000 discretionary costs to plaintiff, and the judgment is otherwise affirmed. Order, Supreme Court, New York County, dated May 3, 1978, is unanimously modified, on the law and the facts, so as to strike all decretal paragraphs thereof except the provision directing the clerk of the County of New York to enter judgment in accordance with the order of the Appellate Division in favor of the defendant dismissing the complaint in the foreclosure action, with costs and disbursements in the Supreme Court, and this court directs, in accordance with its order of January 18, 1973, that the counterclaim be severed and interlocutory judgment be granted thereon directing an accounting at Special Term in accordance with the opinion of this court dated October 26, 1972, and that said accounting and further proceedings consequent thereon proceed in accordance with said opinion and order of this court. This matter shall be assigned for all purposes to one Justice of the Supreme Court (to be designated by the Administrative Judge), with instruction to the Justice to whom the matter is assigned to take all appropriate steps to bring this matter expeditiously to final judgment. No costs are awarded to either party on these appeals. The governing principles in this case and the procedures to be followed thereon were settled by the opinion of this court dated October 26, 1972 on a previous appeal (39 AD2d 485), and the order of this court thereon dated January 18, 1973. That opinion and that order still govern the rights of the parties and the procedures to be followed and the parties should proceed in accordance therewith. In that opinion and order, this court directed an accounting to determine the amount, if any, due to defendant by plaintiff with respect essentially to the sum of $102,674, a portion of the proceeds of the foreclosure sale which were paid to plaintiff. That direction should be followed. Accordingly, Special Term was in error in directing plaintiff now to pay said $102,674 to the city finance administrator. In accordance with this court's direction, the plaintiff's action for a foreclosure has been severed from defendant's counterclaim, and judgment directed dismissing the complaint in the foreclosure action, with costs and disbursements. However, at least with respect to the foreclosure action

judgment, we do not think the case is one that warrants the discretionary allowance of $3,000 provided for in CPLR 8303 (subd [a]) in a "difficult or extraordinary case." At least as to the foreclosure action, the case was not in that sense "difficult or extraordinary." The foreclosure case was decided on undisputed facts, motion and appeal, without the necessity for trial of any material issue of fact. Whether the subsequent history of the litigation insofar as it relates to defendant's counterclaim qualifies for such a discretionary allowance presents a different question which it would be premature to decide before the judgment on the accounting. (We note incidentally that this court's order of January 18, 1973 directed that the judgment on such accounting should include costs and disbursements on the appeals determined by that order, and this provision of the order of January 18, 1973, should also be obeyed.) The delays in this case, whoever is at fault, are most disturbing. The foreclosure action was begun in 1966. The original judgment of the Supreme Court in that action is dated December 17, 1968. This court reversed that judgment on October 26, 1972, implementing its decision by its order of January 18, 1973 directing the entry of judgment dismissing the complaint and directing an accounting on defendant's counterclaim. Not until June 7, 1978 was the simple direction for a judgment dismissing the foreclosure action carried out; and the accounting directed by this court in 1973 has not even begun. It may well be that the delay is due in part to defendant's many changes of attorney and collateral litigations, and in part to plaintiff's complete disinterest in being sued or in having to return any portion of the $102,674. Apparently the court cannot rely upon the parties to see to it that this case is brought expeditiously to final judgment. Accordingly, this court directs that this matter be assigned for all purposes to one Justice of the Supreme Court with instruction to the Justice to whom the matter is assigned to take all appropriate steps to bring this matter expeditiously to final judgment without leaving it to the litigants to do so. Concur—Murphy, P. J., Birns, Bloom, Markewich and Silverman, JJ.