Irene R. LACKS, Plaintiff-Appellant,

v.

Youssef FAHMI and Janet F. Cotton,
Defendants-Appellees.

No. 587, Docket 79–7451.

United States Court of Appeals,
Second Circuit.

Argued Feb. 7, 1980.

Decided June 16, 1980.

Irene R. Lacks, pro se.

Adrian H. Courtenay, New York City, for
plaintiff-appellant.

Thomas G. Shack, Jr., Nicholas J. Glakas,
Abourezk, Shack & Mendenhall, Wash-

ington, D. C., Robert P. Patterson, Jr., Robert A. Soriano, Patterson, Belknap, Webb & Tyler, New York City, of counsel, for defendant-appellee Youssef Fahmi.

Before WATERMAN and MANSFIELD, Circuit Judges, and BONSAL, District Judge.*

PER CURIAM:

Mrs. Irene R. Lacks, plaintiff-appellant, appeals from certain orders entered in the United States District Court for the Southern District of New York (Morris E. Lasker, District Judge) on March 23 and May 4, 1979, dismissing her complaint and issuing a permanent injunction directing her not to institute any further lawsuits concerning the matter in question. We affirm the orders of the District Court.

The present lawsuit is an outgrowth of the marital discord prevailing between Mrs. Lacks and her former husband for over a quarter of a century, and revolves around certain provisions of an agreement executed by the couple in 1959. That agreement provided, *inter alia*, that Mrs. Lacks would release to her husband any beneficial interest she might have in certain of Mr. Lacks's business enterprises, in return for which Mr. Lacks was to deed to his wife, free of any encumbrances, all title and interest to a Manhattan townhouse which was owned by the couple as tenants by the entirety. Unhappily for Mrs. Lacks, that agreement also contained a clause obligating Mr. Lacks to pay his wife a certain sum of money annually in lieu of providing for her support and maintenance.[1]

Mr. Lacks subsequently reneged on his part of the agreement. He alleged that his wife had failed to make mortgage and tax payments on the townhouse, and he instituted an action in the New York state court system to force the sale of the property in satisfaction of these debts. Mrs. Lacks raised the terms of the agreement as a defense, and counterclaimed for specific performance of her husband's obligation to convey the property to her. In this initial state court action the court held that inclusion of the objectionable support and maintenance clause rendered the entire agreement void, which in turn required the dismissal of Mrs. Lacks's defense and counterclaim. As a result, representatives of the Government of Iran purchased the townhouse for $342,500 at a later court-sanctioned foreclosure sale.

On Mrs. Lacks's appeal from this adverse state court decision, the New York Supreme Court, Appellate Division, found the support and maintenance clause to be severable, thus validating the remainder of the agreement, and concluded that Mrs. Lacks was entitled to possession of the townhouse. However, because of the intervening sale of the property to the Iranian Government, the court assumed that the Government of Iran most likely would assert "a claim of sovereign or diplomatic immunity" to frustrate Mrs. Lacks's attempt to regain possession of the townhouse. Accordingly, the court determined that specific performance was not a desirable remedy, and instead directed that Mr. Lacks account for and pay to his wife the proceeds of the foreclosure sale.[2] *See Lacks v. Lacks,* 39 App.Div. 485, 488–89, 336 N.Y.S.2d 874, 878–79 (1972).

In addition to these state court proceedings involving Mrs. Lacks and her husband, Mrs. Lacks sought to obtain the return of the townhouse on two other occasions in the state courts. In the first of these, Mrs. Lacks commenced suit against, among oth-

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

1. Under New York state law, such an agreement entered into between a couple while they are living together as husband and wife is void. *See Garlock v. Garlock,* 279 N.Y. 337, 18 N.E.2d 521 (1939). Mr. and Mrs. Lacks were not divorced until 1970. *See Lacks v. Lacks,* 50 App.Div.2d 785, 378 N.Y.S.2d 61 (1975).

2. Pursuant to this judgment, Mr. Lacks deposited $216,276.42 with the Treasurer of the City of New York. Apparently, Mrs. Lacks has refused to claim this money, and the fund has been depleted by the numerous liens that have been filed against it. *See Lacks v. Lacks,* 50 App.Div.2d 785, 788, 378 N.Y.S.2d 61, 64 (1975) (Murphy, J., dissenting).

ers, the Consul General of Iran, seeking to invalidate the foreclosure sale and to return possession of the townhouse to her. The New York Supreme Court dismissed her complaint on three grounds: (1) the provisions of 28 U.S.C. § 1351[3] conferred on the United States courts exclusive jurisdiction over all actions and proceedings against consuls or vice-consuls; (2) the provisions of a treaty then in effect between the United States and Iran granted the Iranian Consul General immunity from jurisdiction for the matters alleged in Mrs. Lacks's complaint; and (3) the doctrine of collateral estoppel barred Mrs. Lacks from relitigating matters that had been the subject of a prior state court proceeding. *See Lacks v. Sepahbodi*, 78 Misc.2d 582, 584–85, 356 N.Y.S.2d 949, 951–52 (Sup.Ct.1974).

On the second occasion, upon discovering that the City of New York had purported to take title to the subject premises in an in rem proceeding for nonpayment of taxes, Mrs. Lacks instituted an action to enjoin the City from reconveying the property to the Government of Iran and to compel its transfer to her. The Supreme Court of New York County dismissed Mrs. Lacks's complaint, pointing out the collateral estoppel effects of the prior state court proceedings, and concurring in the reasoning advanced in the previous state court action respecting the jurisdictional immunity of the Iranian officials occupying the townhouse. *See Lacks v. City of New York*, 178 N.Y.L.J. 7, col. 1 (Sup.Ct. Nov. 16, 1977), *aff'd*, 63 App.Div. 869, 404 N.Y.S.2d 936 (1978).

Finally, once more seeking to regain possession of the townhouse, Mrs. Lacks commenced the present action in the U. S. District Court for the Southern District of New York against the Iranian consular officials and Janet Cotton, the referee appointed to conduct the foreclosure sale in the original state court proceeding. The District Court granted all defendants' motions to dismiss the complaint, holding that, in light of the prior state court proceedings involving the same matters, Mrs. Lacks's claims were barred by the principles of res judicata and collateral estoppel, as well as by the obligation of federal courts to give full faith and credit to the determinations of state courts. Also, the District Court granted defendants' motion for the entry of a permanent injunction barring Mrs. Lacks from instituting any similar lawsuits in the future.

■■■ On this appeal, Mrs. Lacks correctly points out that, to the extent the state court judgments rested on determinations as to the Iranian consular officials' entitlement to assert a claim of sovereign immunity in defense against the matters raised in her complaints, those judgments cannot possess any res judicata or collateral estoppel effect. It is elementary that a judgment entered in an action over which the court lacks jurisdiction cannot be afforded any binding force. *See, e. g., Boston & Me. R. R. v. Delaware & Hudson Co.*, 268 N.Y. 382, 391, 197 N.E. 321, 324 (1935). By the plain language of 28 U.S.C. § 1351, once a state court has determined that only a federal court is empowered to adjudicate a controversy, the state court need not and should not consider issues going to the merits of the case.

However, these observations offer little solace to Mrs. Lacks, inasmuch as the principal concern of this protracted litigation, the appropriate relief to be awarded Mrs. Lacks, already has been fully litigated and finally settled in her appeal from the judgment rendered in her husband's favor in the initial state court action.[4]

■■■ As a general matter, a court operates with broad discretion when fashioning equitable relief. *See Barnosky v. Petteys*, 49 App.Div.2d 134, 373 N.Y.S.2d 674 (1975). Certainly action taken pursuant to such broad discretionary power must be all the

---

**3.** At the relevant time, 28 U.S.C. § 1351 provided as follows:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of all actions and proceedings against consuls or vice consuls of foreign states.

**4.** Although the townhouse had been sold to the Iranian Government by the time of Mrs. Lacks's appeal from the original adverse state court decision, there is no indication that she

more unassailable when the relief fashioned is one of the several alternative forms of relief sought, as was the fact here.[5] Despite her reluctance to take the necessary steps to enforce the original state court judgment in her favor,[6] Mrs. Lacks has been awarded a full and satisfactory remedy. If Mrs. Lacks were to succeed in her attempt to regain possession of the townhouse, she would obtain an impermissible double recovery. See *Simon v. Royal Business Funds Corp.*, 34 App.Div.2d 758, 310 N.Y.S.2d 409 (1970), aff'd, 29 N.Y.2d 692, 278 N.E.2d 21, 325 N.Y.S.2d 649 (1971).

Therefore, because the issue of appropriate relief has been raised and decided in the state court system, we affirm the order of the District Court dismissing Mrs. Lacks's complaint on grounds of res judicata and collateral estoppel. Furthermore, because it is clear that Mrs. Lacks is not entitled to any additional relief, and that defendants should not be subjected to similar useless litigation in the future, we affirm the order of the District Court entering a permanent injunction barring Mrs. Lacks from instituting any further lawsuits concerning the matter in question. In view of Mrs. Lacks's repeated institution of lawsuits in the state and federal courts seeking the same relief, to which she is not entitled,

this injunction was proper under 28 U.S.C. § 1651(a). See *Ward v. Pennsylvania New York Central Transp. Co.*, 456 F.2d 1046 (2d Cir. 1972); *Redac Project 6426, Inc. v. Allstate Ins. Co.*, 412 F.2d 1043, 1047-48 (2d Cir. 1969).

The orders of the District Court are affirmed.

---

5. Mrs. Lacks requested the following relief in her counterclaim: "[T]hat defendant [sic, plaintiff] be required specifically to perform said agreement, that if specific performance is not granted defendant be granted judgment against plaintiff in damages . . . and for such other and further relief as to the court may seem just and proper." *Lacks v. Lacks*, 39 App.Div.2d 485, 487–88, 336 N.Y.S.2d 874, 877–78 (1972).

6. Not only has Mrs. Lacks failed to claim the money deposited by her husband as a result of this judgment, see note 2, *supra*, she also has failed to request that the original court ordered accounting be commenced. *See Lacks v.*

attempted to have the Iranian Government joined as a party to the appeal. Thus, while the Appellate Division sought to anticipate the strategy the Iranian Government might employ to thwart Mrs. Lacks from regaining possession of the townhouse, the only participants in that state court proceeding were Mr. and Mrs. Lacks, parties over whom the court clearly had jurisdiction.

*Lacks*, 71 App.Div.2d 980, 420 N.Y.S.2d 387 (1979).

Such an accounting, even at this late date, would be far from an empty gesture. Of the $342,500 Mr. Lacks presumably received in the foreclosure sale of the townhouse, $216,276.42 has been deposited with the City Treasurer pursuant to the original state court judgment in favor of Mrs. Lacks, $102,674 has been retained by Mr. Lacks, and the whereabouts of the approximately $23,550 that remains (as well as the reason for this seeming discrepancy) is not apparent.

Therefore, we note with approval the action taken by the Appellate Division, directing that a Justice of the New York County Supreme Court be assigned to insure that the original judgment entered in Mrs. Lacks's favor finally will be enforced. *Lacks v. Lacks*, 71 App. Div.2d 980, 420 N.Y.S.2d 387 (1979). Obviously, such proceedings as may be involved in the enforcement of the original state court judgment are not within the scope of the permanent injunction barring Mrs. Lacks from instituting further litigation directed at regaining possession of the townhouse.