758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JOHNNY E. AUSTIN, PLAINTIFF-APPELLANTS,
v.
UNITED STATES POSTALSERVICE; WILLIAM H. PHILLIPS, SAFETY
MANAGER, DEFENDANTS-APPELLEES.
 NO. 84-5361
 United States Court of Appeals, Sixth Circuit.
 2/18/85
 ORDER
 
 1
 BEFORE: MARTIN and KRUPANSKY, Circuit Judges; and BERTELSMAN, District Judge.*
 
 
 2
 Plaintiff appeals the summary judgment for defendants in this pro se section brought under Title VII, 42 U.S.C. Sec. 2000e et seq. The appeal has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the record and briefs, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff was discharged from employment with the United States Postal Service in 1976 after he attempted to take a clerk-carrier examination for a third party. Since that time, he has filed four civil actions in the federal courts challenging his termination. The three actions prior to the present suit are described in our order entered in Austin v. United States Postal Service, No. 82-5112 (6th Cir. Jan. 13, 1983). He has also filed numerous complaints with the Equal Employment Opportunity Commission regarding his discharge and the Postal Service's refusal to rehire him.
 
 
 4
 In the present action, plaintiff claims that defendant Phillips falsely stated in an affidavit filed in one of plaintiff's prior suits that plaintiff took the clerk-carrier examination for a third party when in fact he only attempted to take it. Plaintiff also makes various other complaints concerning his discharge. The district court granted summary judgment for defendants on the grounds of res judicata. The district court granted defendants' counterclaim for injunctive relief under 28 U.S.C. Sec. 1651 and enjoined plaintiff from 'filing further administrative or judicial proceedings in connection with his discharge.' The court also awarded attorney's fees to defendants under 42 U.S.C. Sec. 2000e-5(k). We find that the district court properly entered summary judgment for defendants and enjoined plaintiff from filing further actions. However, we reverse the award of attorney's fees.
 
 
 5
 Plaintiff is attempting to relitigate in the present action issues previously decided against him. Under the doctrine of res judicata, once a final judgment on the merits is entered by a court of competent jurisdiction, the judgment operates as a bar to further claims by parties or their privies based on the same subject matter. Montana v. United States, 440 U.S. 147, 153 (1979); Anchor Motor Freight, Inc. v. International Brotherhood of Teamsters, 700 F.2d 1067, 1069 (6th Cir.), cert. denied, ---- U.S. ----, 104 S.Ct. 81 (1983). Res judicata not only prevents a party from relitigating issues actually litigated in a prior proceeding, but also bars subsequent litigation of issues which might have been presented in the earlier proceeding. Castorr v. Brundage, 674 F.2d 531, 536 (6th Cir.), cert. denied, 459 U.S. 928 (1982); Westwood Chemical Co. v. Kulick, 656 F.2d 1224 (6th Cir. 1981). When successive suits seek recovery for the same injury, the earlier judgment on the merits precludes later suits even though they raise different legal theories of recovery. Harrington v. Vandalia-Butler Board of Education, 649 F.2d 434 (6th Cir. 1981). Plaintiff's claims concerning his discharge were or should have been litigated in his earlier suits and are barred by res judicata.
 
 
 6
 Under these circumstances, the district court's injunction under 28 U.S.C. Sec. 1651 prohibiting plaintiff from filing further suits or administrative complaints concerning his discharge was proper. The general rule is that all persons are entitled to access to the courts, and litigiousness alone will not support an injunction against filing future lawsuits. In re Oliver, 682 F.2d 443 (3d Cir. 1982); Pavilonis v. King, 626 F.2d 1075 (1st Cir.), cert. denied, 449 U.S. 829 (1980). Orders enjoining future lawsuits are generally unnecessary because the doctrines of res judicata or collateral estoppel usually suffice to protect defendants from repetitious lawsuits. Harrelson v. United States, 613 F.2d 114 (5th Cir. 1980). However, plaintiff has not been deterred by these doctrines from filing frivolous suits concerning his discharge. The district court has the power under section 1651 to enjoin plaintiff from filing suits attempting to reopen or relitigate closed cases. See In re Oliver, supra; Pavilonis v. King, supra; Lacks v. Fahmi, 623 F.2d 254 (2d Cir. 1980); Villarreal v. Brown Express, Inc., 529 F.2d 1219 (5th Cir. 1976); Ruderer v. United States, 462 F.2d 897 (8th Cir.), appeal dsmd, cert. denied, 409 U.S. 1031 (1972); Chandler v. O'Bryan, 445 F.2d 1045 (10th Cir. 1971), cert. denied, 405 U.S. 964 (1972). The injunction entered here does not completely bar plaintiff's access to the courts but merely prohibits further actions challenging his discharge and its consequences.
 
 
 7
 The district court also granted defendants attorney's fees under 42 U.S.C. Sec. 2000e-5(k), and defendants request attorney's fees on appeal. Section 2000e-5(k) provides that in a Title VII action, the district court may allow attorney's fees to prevailing parties 'other than the . . . United States.' The district court held that under Copeland v. Martinez, 603 F.2d 981 (D.C. Cir. 1979)8 cert. denied, 444 U.S. 1044 (1980), the prohibition against attorney's fee awards to the government did not apply when the plaintiff filed suit in bad faith. However, assuming that section 2000e-5(k) allows an attorney's fee award to the government when the plaintiff has acted in bad faith, the record in this case does not show that plaintiff acted in bad faith. The district court based its finding of bad faith on the fact that plaintiff had repeatedly filed meritless suits concerning his termination. The district court's finding that plaintiff repeatedly filed suits on claims previously decided is supported in the record. However, a finding of bad faith requires some proof of malice apart from the filing of frivolous suits. McCandless v. Great Atlantic and Pacific Tea Co., 697 F.2d 198 (7th Cir. 1983); Copeland v. Martinez, supra, 603 F.2d at 991. Since the record contains no evidence of plaintiff's subjective bad faith, defendants are not entitled to attorney's fees under section 2000e-5(k).
 
 
 8
 Accordingly, it is ORDERED that the district court's summary judgment for defendants on the complaint and on defendants' counterclaim for injunctive relief is affirmed. Sixth Circuit Rule 9(d)(3). The award of attorney's fees under 42 U.S.C. Sec. 2000e-5(k) is reversed. Sixth Circuit Rule 9(d)(4).
 
 
 
 *
 The Honorable William O. Bertelsman, U.S. District Judge for the Eastern District of Kentucky, sitting by designation