785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LENVILL SPENCER, Plaintiff-Appellant,
v.
LANDIS AND LEISHA SLONE; COUNTY DISTRICT JUDGE ELSWICK; OHIO
CASUALTY GROUP; LOWES LUMBER; BLUEGRASS INSURANCE AGENCY;
OHIO CASUALTY GROUP INSURANCE; DR. MALEMPATI; PIKE COUNTY
SHERIFF; KEVIN M. NOLAND; KATHLEEN F. BEYER; RUBY RILEY;
LYNN COMBS; FAMILY FEDERAL SAVINGS AND LOAN; COUNTY
ATTORNEY, PIKEVILLE, KENTUCKY; STEINERS LEASING COMPANY,
Defendants-Appellees.
 85-5792
 United States Court of Appeals, Sixth Circuit.
 1/10/86
 ORDER
 
 1
 BEFORE: LIVELY, Chief Judge; WELLFORD, Circuit Judge; PORTER, District Judge*.
 
 
 2
 Plaintiff appeals the district court's orders dismissing the complaint and enjoining plaintiff from filing further lawsuits against the above named defendants arising from the transactions and occurrences forming the basis for the present action. Defendants Landis and Leisha Slone, state district judge Elswick, Lowes Lumber and the Pike County attorneys have filed a motion to dismiss the appeal. The case has been referred to a panel of the court pursuant to Sixth Circuit Rule 9(a). Upon examination of plaintiff's briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff filed this pro se civil rights action against fifteen defendants under 42 U.S.C. Sec. 1983. The defendants include two insurance companies, three businesses, a state court judge, a county sheriff, two state assistant attorneys general, a county attorney, and five individuals. Plaintiff alleged in his complaint that defendants committed false arrest, perjury, 'larceny after trust,' obtained illegal indictments against him, used the state criminal courts to collect civil debts, denied him medication and a special diet while in jail, and breached their contract with him. These claims apparently arise from plaintiff's conviction for passing bad checks. The defendants filed motions to dismiss the complaint on various grounds, including failure to state a claim and res judicata. In addition, several defendants moved for attorney fees and an injunction prohibiting future lawsuits. On October 10, 1984, the district court dismissed the complaint against state attorneys general Noland and Beyer on the ground of prosecutorial immunity and against the remaining defendants on the ground that the action was frivolous. The court also granted Bluegrass Insurance Agency's motion for leave to counterclaim, and ruled that the motions of the remaining defendants for a permanent injunction 'are PASSED, the parties being directed to file memoranda on this issue within thirty (30) days of the entry of this order.' Plaintiff appealed this order on October 22, 1984. This court dismissed the appeal on January 18, 1985, on the ground that the order was not final.
 
 
 4
 The district court then entered orders granting the parties twenty days to respond to the motion for a permanent injunction, denying plaintiff's motion to amend the complaint and granting twenty days for the parties to inform the court of any remaining claims. In response to these orders most of the remaining defendants filed motions for a permanent injunction. On July 1, 1985, the district court granted the motions for an injunction and directed counsel to submit a proposed injunction. The court also denied defendants' request for attorney's fees, dismissed Bluegrass Insurance Agency's counterclaim, and directed the clerk not to file any further pleadings submitted by plaintiff naming these defendants without a motion for leave to file. A permanent injunction was entered on July 29, 1985, directing that plaintiff shall not file any pleadings against the defendants named in this action without leave of the court. The injunction also provided that plaintiff would be subject to contempt charges and defendants' costs and attorney's fees for violation of the injunction. Plaintiff appealed.
 
 
 5
 Defendants' motion to dismiss is based on the ground that plaintiff waived his right to appeal. This motion apparently was filed by mistake in this appeal. There is no question of waiver of appellate rights in this case and therefore the motion to dismiss is denied.
 
 
 6
 The district court dismissed the complaint on the grounds of prosecutorial immunity and frivolousness. Defendants Noland and Beyer stated in their motion to dismiss that they are assistant state attorneys general and their only contact with plaintiff was through filing a complaint against him on behalf of the state for violation of Kentucky consumer protection laws. Plaintiff has alleged nothing against these defendants which would indicate that they were acting outside of their prosecutorial role in filing that complaint. Therefore, the district court properly dismissed the complaint as to defendants Noland and Beyer. See Kurzawa v. Mueller, 732 F.2d 1456 (6th Cir. 1984).
 
 
 7
 The complaint was dismissed against the remaining defendants on the ground of frivolousness. Pro se complaints are to be liberally construed and well pled allegations of the complaint must be taken as true and construed in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519 (1972). A case is frivolous if it appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief. Malone v. Colyer, 710 F.2d 258, 261 (6th Cir. 1983). Under this standard, the district court properly dismissed the complaint as frivolous.
 
 
 8
 An alleged deprivation of a federal right by persons acting under color of state law is required to state a claim under 42 U.S.C. Sec. 1982. Parratt v. Taylor, 451 U.S. 527 (1981); Bier v. Fleming, 717 F.2d 308 (6th Cir. 1983), cert. denied, 465 U.S. 1026 (1984). Although plaintiff has filed numerous documents with this court and the district court, the factual basis for his claim is virtually unintelligible and the complaint alleges neither a deprivation of federal rights nor state action on the part of most of the defendants. Plaintiff alleged that defendants committed 'unlegal' malpractice, perjury, false arrest, denied him medication and a special diet while in jail, used the criminal courts to collect civil debts, and breached their contracts with him. Even construing these complaints in plaintiff's favor, these claims are vague and conclusory and do not state any facts demonstrating a constitutional deprivation. Mere conclusions are not sufficient to support a civil rights action. See Place v. Shepherd, 446 F.2d 1239 (6th Cir. 1971); Blackburn v. Fisk University, 443 F.2d 121 (6th Cir. 1971). In addition, plaintiff failed to allege that the private parties acted under color of state law. Private from filing any further pleadings against they acted in concert with or obtained significant aid from state officials. Lugar v. Edmondson Oil Co., 457 U.S. 922 (1982); Bier v. Fleming, supra. The only allegation of state action is that defendants used Kentucky's criminal procedures to try to collect civil debts. Private parties are not acting under color of state law merely by acting as complainants or witnesses in state criminal actions. Grow v. Fisher, 523 F.2d 875 (7th Cir. 1975); see Briscoe v. La Hue, 460 U.S. 325 (1983); Hernandez v. Schwegmann Brothers Giant Supermarkets, Inc., 673 F.2d 771 (5th Cir. 1982); Blevins v. Ford, 572 F.2d 1336 (9th Cir. 1978). Therefore, the district court properly dismissed the complaint as frivolous.
 
 
 9
 In the July 1 order and July 29 injunction, the district court enjoined plaintiff from filing any further pleadings against the named defendants arising from the same transactions and occurrences that were the subject matter of this litigation. The injunction also directed the clerk not to file any such pleadings unless ordered by the court, and ordered that plaintiff would be subject to contempt charges for failure to comply with the injunction. The general rule is that all persons are entitled to access to the courts, and litigiousness alone will not support an injunction against filing future lawsuits. Wood v. Santa Barbara Chamber of Commerce, Inc., 705 F.2d 1515 (9th Cir. 1983), cert. denied, ---- U.S. ----, 104 S.Ct. 1446 (1984); In re Olvier, 682 F.2d 443 (3rd Cir. 1982); Pavilonis v. King, 626 F.2d 1075 (1st Cir.), cert, denied, 449 U.S. 829 (1980). Orders enjoining future lawsuits are generally unnecessary because the doctrines of res judicata or collateral estoppel usually suffice to protect defendants from repetitious lawsuits. Harrelson v. United States, 613 F.2d 114 (5th Cir. 1980). However, a district court has the power under the All Writs Act, 28 U.S.C. Sec. 1651, to enjoin a party from filing suits attempting to reopen or relitigate closed cases. Wood v. Santa Barbara Chamber of Commerce, Inc., supra; In re Oliver, supra; Pavilonis v. King, supra; Lacks v. Fahmi, 623 F.2d 254 (2d Cir. 1980); Villarreal v. Brown Express, Inc., 529 F.2d 1219 (5th Cir. 1976). This power extends to enjoining further filings in support of frivolous and vexatious claims. In re Hartford Textile Corp., 613 F.2d 388 (2d Cir. 1979), cert. denied, 447 U.S. 907 (1980). The district court's injunction was limited to prohibiting suits against these defendants concerning the allegations raised in this action and did not completely bar plaintiff's access to the courts. The general principles of res judicata and collateral estoppel have not been successful in limiting plaintiff's filing of frivolous complaints. Plaintiff has filed at least ten pro se actions in the Eastern District of Kentucky involving his prosecution on bad check charges and naming various defendants. All of these cases have been dismissed as without merit. Most of the defendants named in this action have been defendants in the prior suits. It is clear from plaintiff's litigation history that the bars of res judicata and collateral estoppel have been ineffective in deterring plaintiff's frivolous filings. Under these circumstances, the injunction was proper under section 1651.
 
 
 10
 Accordingly, it is ORDERED that the motion to dismiss is denied and the district court's judgment is affirmed. Sixth Circuit Rule 9(d)(3). All motions filed by plaintiff-appellant in this court are denied.
 
 
 
 *
 The Honorable David Porter, Senior Judge, United States District Court for the Southern District of Ohio, sitting by designation