785 F.2d 307
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
PETER FILIPAS, Plaintiff-Appellant,
v.
AKRON GENERAL HOSPITAL; AKRON GENERAL MEDICAL CENTER; GERALD
F. BOWLING, M.D.; ALEX C. GUIRA, M.D.; DR. BIPIN BIHARI
VARMA; BUCKEYE UNION INSURANCE COMPANY, SUPERINTENDENT,
ADMINISTRATOR, MANAGEMENT, DIRECTOR & EXECUTIVE DIRECTOR,
Defendants-Appellees.
 85-3231
 United States Court of Appeals, Sixth Circuit.
 1/13/86
 
 ORDER
 BEFORE: MERRITT, JONES and NELSON, Circuit Judges.
 
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 In this civil rights action brought under 42 U.S.C. Sec. 1983, plaintiff tendered a complaint and request for in forma pauperis status in connection with an injury alleged to have been caused by the named defendants. The district court denied leave to file this action and ordered it terminated on the authority of 28 U.S.C. Sec. 1915(d). Plaintiff has appealed. On appeal, plaintiff moves to vacate the district court decision, moves for the appointment of appellate counsel and requests in forma pauperis status. Defendants move to dismiss the appeal and seek the imposition of sanctions on plaintiff. Plaintiff has also filed a formal and an informal brief.
 
 
 3
 Upon consideration, we vacate and remand for further proceedings. The district court caused this action to be terminated for plaintiff's claimed failure to comply with an earlier order of the court. That order mandated that plaintiff seek leave to file pro se actions accompanied by a certification that the action was new and had never before been decided on the merits in federal court. This requirement was apparently in response to plaintiff's propensity to file repeatedly actions which had been previously found to be meritless.
 
 
 4
 Our examination of the pleadings tendered November 28, 1984, reveals two different attempts by plaintiff to comply with the certification requirement. Specifically, we find the certification at paragraph four (4) of a document styled 'Motion For Leave To File Amended Complaint To Show Jurisdiction' as well as in the body of the affidavit accompanying this 'motion.' We express no opinion on the ultimate resolution of this action; we merely decide, on this narrow issue, that the district court's finding that plaintiff had failed to comply with the certification requirement is erroneous.
 
 
 5
 We also note that the certification order mentioned herein is susceptible of an interpretation which would effectively foreclose plaintiff from proceeding with any federal complaint, fee paid or in forma pauperis, without first obtaining leave of court. While we do not question the discretion of the district court to erect such a barrier to in forma pauperis filings in the proper circumstances under 28 U.S.C. Sec. 1915(d), we would express our concern that orders of this nature be carefully drawn so as not to foreclose in a blanket fashion access to the federal court system and that the authority for this (28 U.S.C. Sec. 1915 or the All Writs Act, 28 U.S.C. Sec. 1651) be clearly delineated. See, e.g., Lacks v. Fahmi, 623 F.2d 254 (2d Cir. 1980); In Re Green, 669 F.2d 779 (D.C. Cir. 1981).
 
 
 6
 It appearing therefore that clear error requires vacation of the judgment appealed from, Rule 9(d)(4), Rules of the Sixty Circuit,
 
 
 7
 It is ORDERED that the motions to dismiss, to impose sanctions, to vacate the judgment, to permit in forma pauperis filing, and to appoint appellate counsel are denied. It is further ORDERED that the final order of the district court be and it is hereby vacated and the cause remanded for further proceedings.