### In re Lonzy OLIVER.

### Appeal of Lonzy OLIVER.

### No. 81–3028.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit Rule 12(6) June 3, 1982.

Decided June 30, 1982.

---

Lonzy Oliver, pro se.

Paul J. Brysh, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before ADAMS, VAN DUSEN and WEIS, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge.

Lonzy Oliver appeals a *sua sponte* order of the United States District Court for the Western District of Pennsylvania. The order enjoined the clerk of that court from accepting for filing, absent a specific order from the court, any cases submitted by Oliver in the future, and thereby had the effect as well as the purpose of restricting Oliver's access to the courts. Although we conclude that the district court has the power to issue such orders in appropriate cases, we remand so that the court may provide Oliver with notice and an opportunity to be heard in opposition to the order.

Oliver, a litigious *pro se* prisoner, has filed fifty-one cases in the United States District Court for the Western District of Pennsylvania since 1969.[1] The majority of Oliver's suits have been civil rights cases and habeas corpus petitions filed against federal and state officials. Oliver has never been granted relief nor has any of his cases yet been deemed to have warranted hearing or trial.[2] At the appellate level, Oliver has been equally prolific and unsuccessful. In addition to the present case, Oliver has appealed twenty-four district court orders to this Court. In nineteen cases he was denied relief; five appeals are pending.[3]

Apparently relying on 28 U.S.C. § 1651(a), the All Writs Act, the United States District Court for the Western District of Pennsylvania on October 30, 1981, entered the following order at Miscellaneous No. 8728:

AND NOW, October 29, 1981 it has come to this Court's attention that Lonzy Oliver has filed over fifty civil rights, habeas

---

1. W.D.Pa. Civil Action Nos. 69–315/316/317/324/329/433/441/497/498/499/-500/501/502/503/553/641/642; Misc. 4918; 70–98/245/246/490/789/801/802/1069/1270/132-6/1389; 71–369/599; Misc. 4661, 5389; 72–175; Misc. 5508; 73–314; 74–550/659; 766; 834; 1270; 75–230/1607; 77–541; 80–1116/1559; 81–1035/1036/1194/1318/1319.

The Court wishes to acknowledge the excellent brief submitted on behalf of the district court judge from which many of Mr. Oliver's case statistics have been drawn.

2. Thirty-seven of Oliver's cases were disposed of summarily: W.D.Pa. Civil Action Nos. 69–315/316/317/324/433/441/497/498/499/501/-502/503/553/641/642; 70–98/245/246/789/-801/802/1069/1270/1326/1389; 71–369; 73–314; 74 550/695/766; 75–1607; 81–1318/1319; and Misc. Nos. 4918, 4661, 5389 and 5508. Ten of Oliver's cases were disposed of after the filing of a responsive pleading: W.D.Pa. Civil Action Nos. 70 490; 72–175; 74–834/1270; 75 230; 77 541; 80–1116/1559; 81–1036 and 81 1194. One recent case is still pending in district court.

3. Oliver's five pending cases in this Court are: C.A. Nos. 81–2603/2604/2958/2959 and 82–5287. The nineteen closed cases are: 19,361, 19,362, 19,410 [*Oliver v. Governor of Pennsylvania, et al.*, 442 F.2d 1347 (3d Cir. 1971) (*per curiam*)]; Misc. Nos. 1801, 1926, 1927, 2123; 73–8100; 75–8101; 76–8070; 81–8139; 3d Cir. C.A. Nos. 72–1476/1540/1900; 74–2240; 75–1024/1566; 77–2505 and 81–1862.

corpus, and other types of cases since 1969; (see attachment) that he has filed over twenty motions in the last two months; that all of the above were of a frivolous nature; and that this volume of frivolous matter creates a substantial burden to this Court without benefit to Mr. Oliver.

IT IS HEREBY ORDERED that the Clerk of the United States District Court for the Western District of Pennsylvania accept no further case for filing from Mr. Oliver, absent a specific Order from a Judge of this Court.

The record does not indicate that Oliver was given notice or an opportunity to respond before the order was instituted. As appellant filed no documents for adjudication prior to the issuance of the district court's *sua sponte* order, the order is most aptly construed as an injunction, rather than as a final decision made on the merits of a case. On November 4, 1981, Oliver filed a timely notice of appeal from the order and a motion to proceed *in forma pauperis* on appeal.[4] This Court has jurisdiction to entertain the appeal pursuant to 28 U.S.C. § 1292.

■ It is well within the broad scope of the All Writs Act for a district court to issue an order restricting the filing of meritless cases by a litigant whose manifold complaints raise claims identical or similar to those that already have been adjudicated. The interests of repose, finality of judgments, protection of defendants from unwarranted harassment, and concern for maintaining order in the court's dockets have been deemed sufficient by a number of courts to warrant such a prohibition against relitigation of claims. *See e.g., Lacks v. Fahmi,* 623 F.2d 254 (2d Cir. 1980) (per curiam); *Harrelson v. United States,* 613 F.2d 114, 115 (5th Cir. 1980) (per curiam); *Clinton v. United States,* 297 F.2d 899, 901 (9th Cir. 1961), *cert. denied,* 369 U.S. 856, 82 S.Ct. 944, 8 L.Ed.2d 14 (1962). In appropriate circumstances, courts have gone beyond prohibitions against relitiga-

tion and enjoined persons from filing any further claims of any sort without the permission of the court. In *Rudnicki v. McCormack,* 210 F.Supp. 905 (D.Mass.1962), the court entered such an injunction after it found that, in the absence of a court-ordered proscription, a plaintiff who had "repeatedly filed groundless actions" against various state and federal officers

> will continue to institute groundless and purely vexatious litigation both against these defendants and against other judges and public officials, the effect of which will be to cause further harassment of these officials, further expense to the governments which they represent, and further burden upon the offices of the clerks of the courts in which such proceedings are initiated.

*Id.* at 911. *See also Gordon v. U.S. Department of Justice,* 558 F.2d 618 (1st Cir. 1977) (plaintiff enjoined from instituting suit against any state or federal judge, officer, or employee without permission of court); *Green v. Wyrick,* 428 F.Supp. 732 (W.D.Mo. 1976). Most recently, the Court of Appeals for the District of Columbia Circuit permitted the entering of an even more stringent injunction, requiring an extraordinarily litigious prisoner not only to obtain the district court's leave before filing further claims, but also to certify, on penalty of contempt, that his claim had not previously been litigated in federal court. *In re Green,* 669 F.2d 779, 787 (D.C.Cir.1981) (per curiam). Of course, any such order is an extreme remedy, and should be used only in exigent circumstances. The First Circuit, in affirming the imposition of a proscription against a litigious plaintiff, emphasized that such injunctions should "remain very much the exception to the general rule of free access to the courts," and that "the use of such measures against a *pro se* plaintiff should be approached with particular caution." *Pavilonis v. King,* 626 F.2d 1075, 1079 (1st Cir. 1980), *cert. denied,* 449 U.S. 829, 101 S.Ct. 96, 66 L.Ed.2d 34 (1980).[5]

---

4. The motion to proceed *in forma pauperis* was granted by order entered November 5, 1981.

5. The First Circuit also observed that "Generally this kind of order should not be considered absent a request by the harassed defendants."

We agree with the First and District of Columbia Circuits, however, that a continuous pattern of groundless and vexatious litigation can, at some point, support an order against further filings of complaints without the permission of the court. The case before us appears to reveal a situation sufficient to justify exercise of the court's power, under the All Writ's Act, to do so.

■ It should be made clear that Oliver's litigiousness alone would not support an injunction restricting his filing activities. *Pavilonis v. King, supra* at 1079; *Ruderer v. United States*, 462 F.2d 897, 899 (8th Cir. 1972) (per curiam), *cert. denied*, 409 U.S. 1031, 93 S.Ct. 540, 34 L.Ed.2d 482 (1972). Access to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be. Moreover, Title 28 U.S.C. § 1915 the "*In Forma Pauperis*" statute, was enacted specifically to provide poor persons with equal access to the federal courts. No person, however, ". . . rich or poor, is entitled to abuse the judicial process." *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975).

The record suggests that Oliver's claims have been not only numerous but patently without merit—none has yet stated a claim sufficient to require a hearing. The express language of the order mandates that "the Clerk . . . accept no future case for filing from Mr. Oliver, *absent* a specific Order from a Judge of this Court." [emphasis added] In reviewing the Court's order we understand that, Oliver's propensity for filing numerous frivolous suits notwithstanding, the district court would permit the filing of any nonfrivolous claim submitted by Oliver.

■ We nevertheless believe that Oliver should have been provided with an opportunity to oppose the court's order before it was instituted. Although we do not foresee any demonstration that Oliver could make to outweigh the factors relied upon by the district court in issuing its order, we will vacate the order and remand the case out of an abundance of caution in order to permit Oliver to make whatever showing he can, through whatever procedure the district court deems appropriate.

---

626 F.2d at 1079. Although the district court acted *sua sponte* in imposing the injunction, the extraordinary volume of cases filed by Oliver in the Western District of Pennsylvania, in contrast to the series of seven lawsuits considered by the First Circuit in *Pavilonis, see* 626 F.2d at 1077 n.2, created a burden on the Western District's docket sufficient to warrant action even in the absence of a request by a defendant.