835 F.2d 874
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Melvin HILL, a/k/a Melvin Taylor, a/k/a Marvin Grant,
Plaintiff-Appellant,
v.
Thomas WARD, Judge for Baltimore City, Lawrence C. Doan,
Thomas Berand, Lyman H. Howe, Defendant-Appellee.
Melvin TAYLOR, a/k/a Marvin Grant, a/k/a Melvin Hill,
Plaintiff-Appellant,
v.
Frank A. HALL, Secretary of Correctional Services, Howard N.
Lyles, Warden of Maryland Penitentiary, Assistant Warden,
Bernard Smith, James Felix, Porter, E. Bury, Wolf, B. Brate,
Shienoky, Decco, L.T.S. Harrison, Allen, Henson, William
Gossard, Assistant Warden of Custody of Maryland Reception
Diagnostic Classification Center, Merry Coplin, Warden of
the Maryland Reception Diagnostic Classification Center,
Bols, Defendant-Appellee.
Marvin HILL, a/k/a Melvin Hill, a/k/a Melvin Taylor, a/k/a
Marvin Grant, Plaintiff-Appellant,
v.
Frank A. HALL, Secretary of Correctional Services, Howard N.
Lyles, Warden of Maryland Penitentiary, Bernard Smith,
Assistant Warden, Merry Coplin, Warden of Maryland Reception
Diagnostic Classification Center, Bols, James Felix, Porter,
E. Bury, Wolf, B. Brate, Shienoky, Decco, L.T.S. Harrison,
Allen, Henson, William Gossard, Assistant Warden of Custody
of the Maryland Reception Diagnostic Classification Center,
Thomas Ward, John Carroll Byrnes, Defendants-Appellees.
 Nos. 86-6684, 86-6685, 86-6686.
 United States Court of Appeals, Fourth Circuit.
 Submitted June 30, 1987.
Decided Dec. 2, 1987.
 
 Melvin Hill, appellant pro se.
 Before DONALD RUSSELL, CHAPMAN, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Melvin Hill, a.k.a., Melvin Taylor, a Maryland inmate, appeals the judgments of the district court dismissing his multiple civil rights actions brought pursuant to 42 U.S.C. Sec. 1983, and appeals from the entry of an injunction enjoining him from filing additional civil actions in the district court. For the reasons stated below we vacate the judgments in the civil actions, vacate the injunction and remand for further proceedings.
 
 
 2
 Although these cases were brought as civil actions under 42 U.S.C. Sec. 1983, the cause of action alleged in each of them attacked Hill's state criminal convictions and the relief sought in each of them was release from custody. The cases were, therefore, actions seeking habeas corpus relief and exhaustion of state remedies is required pursuant to 28 U.S.C. Sec. 2254(b). Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). The district court did not, however, dismiss these cases without prejudice in order to allow Hill to seek habeas corpus relief after he had complied with the exhaustion of state remedies requirement. Instead, the dismissals were with prejudice.
 
 
 3
 The district court, apparently relying upon an abuse of the writ theory, found that Hill had waived his right to seek federal habeas corpus relief on these claims based upon his noncompliance with the court's instructions to exhaust state remedies when the claims were previously brought in a petition for a writ of habeas corpus. In support of his finding of waiver the district court relied upon Sanders v. United States, 373 U.S. 1 (1963) and Miller v. Bordenkircher, 764 F.2d 245, 248 (4th Cir.1985). The district court also found that, because the court had previously denied this habeas claim after finding a waiver of Hill's right to pursue it, the doctrine of res judicata barred Hill from relitigating the claims in these civil actions.
 
 
 4
 Because neither Sanders nor Miller authorizes, under the facts of this case, a finding of a waiver of the right to pursue habeas corpus relief in the federal courts, and because the doctrine of res judicata does not apply to requests for habeas corpus relief, we are constrained to vacate these judgments and remand for a dismissal without prejudice.
 
 
 5
 It is well settled that the doctrine of res judicata does not apply to requests for habeas corpus relief. Sanders, supra, at 7-8. In Sanders, the Supreme Court held that a petition for a writ of habeas corpus may be denied based upon a previous adverse determination only if the following criteria are satisfied: (1) the same ground presented in the subsequent application was determined adversely to the petitioner; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the subsequent application. Id. at 15-17. See also Rule 9(b), Rules Governing Habeas Corpus Cases. The Sanders and the Rule 9(b) criteria have not been met in these cases because none of the earlier dismissals have come after an examination of the merits of the claim. The discretion that the district courts possess to decline review of successive habeas petitions should not be used to bar review of a petition based on earlier denials in the federal courts which were not on the merits of the claims. Hobbs v. Pepersack, 301 F.2d 875, 879 (4th Cir.1962).
 
 
 6
 After dismissing the complaints in No. 86-6686, the district court, sua sponte, issued an injunction:
 
 
 7
 That plaintiff be and is hereby enjoined and prohibited from filing any civil action in this Court without first obtaining leave of court;
 
 
 8
 That plaintiff must certify in any civil action he seeks to file hereinafter that the claim he wishes to present is a new claim which has never before been raised and disposed of by this Court;
 
 
 9
 That the Clerk is directed to return to plaintiff any new civil action which is not in compliance with this Order;
 
 
 10
 ....
 
 
 11
 Authority to issue such injunctions has been found in the All Writs Act, 28 U.S.C. Sec. 1651(a). See Green v. Warden, 699 F.2d 364, 367-68 (7th Cir.), cert. denied, 461 U.S. 960 (1983). We do not decide at this time, however, whether entry of this injunction was an abuse of discretion because the district court did not follow proper procedures before entering it.
 
 
 12
 Several circuit courts have concluded that a district court should not sua sponte enjoin further filings in support of frivolous claims without giving the party to be enjoined notice and an opportunity to be heard. See In re Oliver, 682 F.2d 443, 446 (3d Cir.1982); Shuffman v. Hartford Textile Corp. (In re Hartford Textile Corp.), 613 F.2d 388, 390 (2d Cir.1979). See also Procup v. Strickland, 792 F.2d 1069, 1070 n. 1 (11th Cir.1986) (en banc) (district court granted pro se plaintiff opportunity to contest proposed injunction). Similarly, the district court's order here should not have been entered without giving Hill notice and an opportunity to be heard.
 
 
 13
 Accordingly, we vacate the judgments of the district court in No. 86-6684, 86-6685, and 86-6686, and remand for dismissals without prejudice. We vacate the injunction entered in 86-6686, and remand this case to the district court for further proceedings not inconsistent with this opinion. Should the district court desire to reenter an injunction it should provide notice to Hill that the court is considering an injunction, enjoining him from filing future actions, and afford him the opportunity to show cause why he should not be so enjoined.
 
 
 14
 Because oral argument would not aid the decisional process, we dispense with it.
 
 
 15
 VACATED AND REMANDED.