23 F.3d 403
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Ann DREW; Richard Tiny Rodden; Wayne Kinney; Brenda
Carol, Defendants-Appellees.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Carol BROOME; Jim Moore, Defendants-Appellees.
Cornelius TUCKER, Jr., Plaintiff-Appellant,
v.
Correctional Officer WILLIAMS; Sergeant Lassiter; G.
Dixon, Warden; L. Linsacum; Lieutenant Wilkinson;
Lieutenant Walker; Sergeant Daughtry; Major Herron;
Captain Matthews; Diane Smith; Officer Davis;
Superintendent Shields; Richard Tiny Rodden; Linwood
Joyner; Deputy Warden French; Lynn C. Phillips; Ann Drew;
Doctor Baloch; Francis Storey, Defendants-Appellees.
 Nos. 94-6241, 94-6242, 94-6243.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 26, 1994.
Decided: May 23, 1994.
 
 Appeals from the United States District Court for the Middle District of NC, at Winston-Salem. Norwood Carlton Tilley, Jr., District Judge. (CA-93-689-6, CA-93-688-6, CA-93-690-6).
 Cornelius Tucker, Jr., Appellant Pro Se.
 M.D.N.C.
 VACATED AND REMANDED.
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Cornelius Tucker appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 (1988) complaints and imposing a pre-filing injunction upon him. Because we find that Tucker was not given notice and an opportunity to object to the injunction, we vacate the district court's orders dismissing the complaints and imposing the injunction.
 
 
 2
 The district court consolidated the cases below and referred them to a magistrate judge. The magistrate judge recommended imposition of a pre-filing injunction upon Tucker and dismissal of his complaints without prejudice, stating that he could refile in accordance with the injunction. Tucker was not notified of his right to object to the magistrate judge's report or of the consequences of a failure to object. The district court adopted the magistrate judge's report and recommendation based on Tucker's failure to file objections. Tucker appeals.
 
 
 3
 We review the imposition of a pre-filing injunction for abuse of discretion. Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir.1986) (en banc). A federal court has the power to issue pre-filing injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty. Procup, 792 F.2d at 1073; see Graham v. Riddle, 554 F.2d 133, 135 (4th Cir.1977) (district court has discretion to enjoin frequent litigant so long as access is not completely foreclosed). However, the injunction must not effectively deny all access to the courts. Procup, 792 F.2d at 1071. Further, a litigant must be given notice and an opportunity to object prior to imposition of a prefiling review order, In re Oliver, 682 F.2d 443, 446 (3d Cir.1982), and must be notified of the consequences of failure to object to a magistrate judge's report, Wright v. Collins, 766 F.2d 841 (4th Cir.1985).
 
 
 4
 We have recently reviewed a pre-filing injunction imposed on Tucker in the Eastern District of North Carolina that was almost identical to the one at issue in this case. See Tucker v. Seiber, No. 93-7239 (4th Cir. Mar. 2, 1994) (unpublished). In that case Tucker was not provided with notice and an opportunity to be heard prior to the imposition of the injunction in violation of his due process rights; hence, we vacated the injunction and remanded the case. In the present case, Tucker was also denied notice and opportunity to be heard. Tucker received no notification of his right to object to the magistrate judge's report, and the district court permitted him no opportunity to respond to the proposed injunction before adopting the magistrate judge's report. Therefore, the imposition of the injunction was invalid, and we vacate the order and remand so Tucker may object and be heard. See In re Oliver, 682 F.2d at 446; Tucker v. Seiber, slip op. at 6. Additionally, because the injunction is invalid, the district court's dismissal of Tucker's complaints pursuant to the injunction is error. Therefore, we also vacate the dismissal of Tucker's complaints and remand for further proceedings on those actions.
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 VACATED AND REMANDED.