

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-11-2005

# Gonzalez v. Feiner

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1160

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Gonzalez v. Feiner" (2005). *2005 Decisions.* Paper 1221.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1221

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-1160
_____

JACQUELINE GONZALEZ;
MADELINE RAWLES

v.

USHER FEINER, LAKEWOOD POLICE CHAPLAIN;
LAKEWOOD POLICE DEPARTMENT; MICHAEL LYNCH, POLICE CHIEF;
JOHN MARSHALL, SR., DEPUTY CHIEF, INDIVIDUALLY AND AS A POLICE
OFFICER FOR THE CITY OF LAKEWOOD, NEW JERSEY;
LAKE WOOD OFFICER, UNKNOWN POLICE OFFICER FOR THE CITY OF
LAKEWOOD TOWNSHIP; LAKEWOOD TOWNSHIP POLICE COMMISSIONER;
SAMUEL MAYER; BIAS KAILA TORA PREP HIGH SCHOOL;
YISROEL SCHENKOLEWSKI, POLICE CHAPLAIN;
GITAL/DAVID KALUSZYNER

Jacqueline Gonzalez,

Appellant

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 00-cv-1172)
District Judge: Garrett E. Brown, Jr.

_____


Submitted Under Third Circuit LAR 34.1(a)
May 29, 2003

Before: ROTH, MCKEE AND AMBRO, <u>CIRCUIT JUDGES</u>

(Filed:  May 11, 2005)

_____

OPINION

_____


PER CURIAM

Jacqueline Gonzalez appeals the order of the United States District Court for the District of New Jersey granting the defendants' motion for summary judgment and dismissal for failure to state a claim, and issuing a pre-filing injunction.

On March 10, 2000, with co-plaintiff Madeline Rawles,[1] appellant Jacqueline Gonzalez filed a civil rights complaint, claiming that members of the Lakewood Police Department and various private individuals violated her rights under the Civil Rights Act of 1964, 42 U.S.C. §§ 1983 and 1985(3), and the Equal Protection Clause of the 14th Amendment.

Gonzalez's claims arise out of an incident that occurred during an orthodox Jewish community's observance of the holiday of Purim. On March 12, 1998, while driving through a neighborhood in Lakewood, New Jersey, Gonzalez and Rawles noticed numerous figures hanging from trees on the private properties of certain defendants. Gonzalez and Rawles, both African-Americans, associated the display with "the history of Black men hanging from Oak Trees by the Whites of the South." They claimed that

---

[1] Rawles has filed a separate appeal. See C.A. No. 02-1571.

2

the hanging figures were racist, offensive, an insult to their civil rights, and a threat to all persons of color. When they tried to photograph the figures at the Bias Kaila Tora Prep School, they were accosted by eight men dressed in very colorful clothing, chanting in a foreign language, and waving their hands in the air. Meanwhile, their car was blocked from exiting by a parked car owned by defendant Feiner. They claimed that a man wearing a ski mask who was sitting in the driver's seat of Feiner's car, pointed a gun at them, temporarily preventing them from leaving the scene. Once the two women made it into their car, defendant Mayer approached them, pointing two fingers at them in a threatening manner. At some point, Gonzalez and Rawles were able to leave. They drove to another property to photograph hanging figures on trees, where a little boy pointed a gun with a red barrel at them while a number of adults looked on. Gonzalez and Rawles immediately reported these incidents to the Lakewood Police, who allegedly did not investigate the matter nor bring charges against the defendants.

Gonzalez claimed two § 1983 conspiracies and one § 1985(3) conspiracy: (1) defendant Feiner and the unidentified masked driver conspired to block Gonzalez's exit from the scene in violation of § 1983; (2) defendants Mayer, the Bias Kaila Tora Prep School, the Kaluszners, Schenkolewski, and Topas conspired with John Marshall, Deputy Chief of the Lakewood Police, to deprive Gonzalez of her Equal Protection rights in violation of § 1983; and (3) Mayer, the Bias Kaila Tora Prep School, the Kaluszners, and Schenkolewski, conspired with Police Chief Lynch and Deputy Chief Marshall of the

3

Lakewood Police to violate her civil rights. She also claimed false imprisonment and intentional infliction of emotional distress.

In July 2000, the District Court granted defendant Topas's motion to dismiss Gonzalez's original complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and denied dismissal as to the remaining defendants.[2] Upon completion of discovery, the defendants filed a motion for summary judgment and to dismiss. The District Court granted the motion in favor of all defendants. The District Court dismissed Count V of Gonzalez's Complaint for failure to state a claim upon which relief can be granted under the Civil Rights Act of 1964, 42 U.S.C. § 2000a. Viewing the facts in the light most favorable to Gonzalez, the District Court held that there was no evidence to establish under § 1983 that any of the Lakewood Police Department defendants deprived Gonzalez of her rights granted by the Equal Protection Clause. The District Court found that there was no record evidence to support Gonzalez's claim that the Lakewood Police

_____

[2] To the extent that Gonzalez appeals the order dismissing the complaint as to Topas, we will affirm. Gonzalez claims that Topas conspired with other individuals and certain members of the Lakewood Police to deprive Gonzalez of her civil rights. The allegations against Reuel Topas, an attorney, pertain to his representation of certain defendants in a related Municipal Court proceeding. His representation of certain defendants in municipal court, alone, does not render Topas a "person acting under color of state law" under § 1983. See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his function as counsel). And, we find no other evidence on this record of any nexus between Topas and the Lakewood Police sufficient to establish that Topas conspired with the Lakewood Police to deprive Gonzalez of her civil rights under §§ 1983 or 1985(3).

Department maintained a race-based discriminatory policy. Specifically, the District Court found that Lakewood Deputy Chief Marshall immediately responded to and actively investigated her complaint. He also ultimately assisted Gonzalez (along with her co-plaintiff Rawles) in filing a criminal complaint against various members of the Jewish community, including several of the defendants. As for the § 1983 claims against Police Chaplains Feiner and Schenkolewski, the District Court found that the record was devoid of any evidence that either defendant acted in his capacity as police chaplain to deprive Gonzalez of her constitutional rights, and thus Gonzalez failed to state a § 1983 claim against these defendants. Finally, the District Court dismissed all of the remaining claims against the private property owners upon whose land the trees with hanging figures were located, because actions of private citizens, without any showing of state action, do not give rise to a cognizable § 1983 claim.

By order entered on December 10, 2001, the District Court dismissed the Complaint, declining to exercise jurisdiction over the state law claims. Based on Gonzalez's history of filing at least six frivolous lawsuits since 1993, and on a finding that such frivolous lawsuits are a waste of the court's valuable assets of time and attention to other litigants, the District Court also issued an injunction restraining Gonzalez from making any new filings in the District Court for the District of New Jersey without first

5

obtaining the District Court's approval. Gonzalez filed a timely notice of appeal.[3] [4]

We exercise plenary review over an order granting summary judgment. GFL Advantage Fund, Ltd. v. Colkitt, 272 F.3d 189, 198-99 (3d Cir. 2001). Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Id. at 199. We view the evidence in the light most favorable to the nonmovant. Id. When a movant shows the absence of a genuine issue, however, the burden shifts to the nonmovant to present evidence sufficient to permit a jury to find in her favor. Id. Our review of the District Court's dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is likewise plenary. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d. Cir. 1998). We accept as true all factual allegations in the complaint and will affirm a dismissal under Rule 12(b)(6) only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., 171 F.3d 912, 919 (3d. Cir. 1999). We review the District Court's issuance of a pre-filing injunction for abuse of discretion. In

---

[3] On July 19, 2002 the District Court granted Gonzalez's motion for extension of time to file a notice of appeal, and thus her notice of appeal, filed on January 11, 2002, is timely.

[4] We have jurisdiction to consider this appeal even though the District Court did not explicitly dispose of the "counter-claims" raised by Topas in his Answer. In his "Answer, Affirmative Defenses and Counterclaim," Topas raised the affirmative defense of "the doctrine of frivolous actions" and presented three counterclaims, all of which reiterated the factual basis supporting the affirmative defense. Because the "counter-claims" were merely restatements of Topas's affirmative defense, they required no further action by the District Court, and we are satisfied that the suit was terminated upon the entry of the District Court's order granting summary judgment in December 2001.

6

Re Packer Ave. Associates, 884 F.2d 745, 746-47 (3d Cir. 1989).

After a careful and independent review of the record, we will affirm judgment on all § 1983 claims as to all of the defendants for the reasons stated by the District Court in its memorandum opinion, except with regard to Gonzalez's conspiracy claims under §§ 1983 and 1985(3), which we will discuss further below.

We find no record evidence supporting Gonzalez's § 1983 conspiracy claim against Lakewood Police Chaplain Feiner and the unnamed masked man sitting in Feiner's car. Even assuming Gonzalez's argument that Feiner was present when the masked man temporarily blocked Gonzalez's exit on March 12, 1998, we find no record evidence of a race-based motive for the events in question or of an agreement between Feiner and the unidentified man to deprive Gonzalez of her constitutional rights under § 1983. Davis v. Township of Hillside, 190 F.3d 167, 171 (3d Cir. 1999).

Gonzalez would be entitled to relief on her § 1983 conspiracy claim against private defendants Mayer, the Bias Kalia Tora Prep School, and the Kaluszners if she could show that these defendants somehow reached an understanding with at least one of the Lakewood Police Defendants to deny Gonzalez of her civil rights. See Kost v. Kozakiewicz, 1 F.3d 176, 185 (3d Cir. 1993). "Establishing the existence of this 'understanding,' however, is really nothing more than another way to show state action as required by § 1983 when a private party is alleged to have violated that statute." Id. We have already held that the District Court properly dismissed Gonzalez's non-conspiracy §

1983 claims because there is no evidence that defendants Mayer, Bias Kalia Tora Prep High School, and Gital and David Kaluszyner, all private parties, were "acting under color of state law" for the purposes of § 1983.[5] In the absence of any evidence from which a reasonable factfinder could determine otherwise, we find no nexus between the Lakewood Police Defendants and the alleged actions of the private defendants such that the private defendants may be fairly treated as "state actors." And thus the District Court properly granted summary judgment in the defendants' favor as to the § 1983 conspiracy claim.

Likewise, with respect to the § 1985(3) conspiracy claim, we find no evidence on this record of a conspiracy between any of the private defendants and the Lakewood Police. Moreover, there is no evidence sufficient to raise an inference of a race-based motive for the actions alleged in the Complaint. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

Turning to the injunction, we have long recognized that a pre-filing injunction is an extreme remedy which must be "'narrowly tailored and sparingly used.'" Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990) (quoting In Re Packer Ave. Associates, 884 F.2d 745, 747 (3d Cir. 1989)). Sufficient notice and opportunity to be heard are essential prerequisites to the entry of a pre-filing injunction. See In re Oliver,

---

[5] Though appellant names a "Lakewood Township Police Commissioner" in the caption of the complaint, there is no Police Commissioner employed within the Township of Lakewood.

682 F.2d 443, 445-446 (3d Cir. 1982). In Abdul-Akbar, we held that when a district court concludes that a litigant has abused the judicial process by filing frivolous lawsuits and will continue to file such lawsuits unless restrained, the court may enter an injunction directing that.

> the litigant not file any § 1983 claims without leave of court and that in seeking leave of court, the litigant must certify (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) he knows of no reason to believe his claims are foreclosed by controlling law. Such an injunction should state that upon a failure to certify or upon a false certification, the litigant may be found in contempt of court and punished accordingly.

901 F.2d at 333.

A pre-filing injunction is an exception to the general rule of free access to the courts and its use against a pro se plaintiff must be approached with caution. See In re Oliver, 682 F.2d at 445. Here the District Court sua sponte enjoined Gonzalez "from making any new filings in the United States District Court for the District of New Jersey without first obtaining the approval of this Court." First, we question whether a pre-filing injunction is warranted based on Gonzalez's history of filing six frivolous cases in ten years. In any event, we conclude that the District Court erred in failing to afford Gonzalez the notice and opportunity to respond that are required when injunctions of this type are considered. See, e.g., Gagliardi v. McWilliams, 834 F.2d 81, 83 (3d Cir. 1987). Moreover, the injunction is too broad and it fails to properly notify Gonzalez that she could be held in contempt and punished for violating the order. Therefore, we will vacate

9

the District Court's pre-filing injunction order.

For the foregoing reasons, we will affirm the District Court's judgment dismissing all of Gonzalez's claims as to all defendants. We will vacate the pre-filing injunction order and remand for further proceedings in accordance with this opinion.