**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-6337**

---

TIMOTHY BRYAN LARRIMORE,

            Plaintiff -Appellant,

      v.


ODELL WILLIAMSON; TED PARKER; DECAROL WILLIAMSON,

            Defendants - Appellees.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:08-cv-00008-D)

---

Submitted:  July 18, 2008          Decided:  August 5, 2008

---

Before MICHAEL and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

Timothy Bryan Larrimore, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Larrimore appeals from the district court's order dismissing, under 28 U.S.C. § 1915(e)(2)(B) (2000), his civil action against Odell Williamson and others in which Larrimore sought to confiscate all of the Defendants' possessions based on an allegation of wrongdoing by the Defendants. He also appeals from the district court's order imposing sanctions and a prefiling injunction. We have reviewed the record and find no reversible error as to the order dismissing the complaint. Accordingly, we affirm in part for the reasons stated by the district court. Larrimore v. Williamson, No. 7:08-cv-00008-D (E.D.N.C. Feb. 4 & 5, 2008).

We review the imposition of a prefiling injunction for abuse of discretion. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Federal courts may issue prefiling injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty. Id.; Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc). Before enjoining the filing of further actions, however, the district court must afford the litigant notice and an opportunity to be heard. Cromer, 390 F.3d at 819; In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982). Here, the district court sua sponte issued the injunction. Because the court imposed the injunction without affording Larrimore an

opportunity to be heard, we vacate the order and remand for further proceedings.

Accordingly, while we affirm the order dismissing the civil action, we vacate and remand for further proceedings the order imposing sanctions and a prefiling injunction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
