**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-1327**

---

TIMOTHY BRYAN LARRIMORE,

                    Plaintiff -Appellant,

          v.

JACK HOOKS, JR., Judge; CHRIS BATTEN, Sheriff,

                    Defendants - Appellees.

---

**No. 08-6244**

---

TIMOTHY BRYAN LARRIMORE,

                    Plaintiff -Appellant,

          v.

JACK HOOKS, JR., Judge; CHRIS BATTEN, Sheriff; R. C. SOLES, JR., Senator,

                    Defendants - Appellees.

---

Appeals from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:07-cv-00209-D)

---

Submitted:  July 18, 2008                    Decided:  August 5, 2008

Before MICHAEL and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

No. 08-1327 vacated and remanded; No. 08-6244 affirmed as modified by unpublished per curiam opinion.

Timothy Bryan Larrimore, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

-2-

PER CURIAM:

In appeal No. 08-6244, Larrimore appeals from the district court's order dismissing his complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B) (2000). Larrimore had alleged that a state court judge, the sheriff, and a senator, and "all the lawyers and judges" were "all members of a terrist (sic) organization called the Masonic Lodge," and they were conspiring to prevent him from being able to file papers in the county courthouse. He further alleged that the local government was corrupt, and the judge, sheriff, senator, and all lawyers were stealing tax money and allowing a drug trafficking ring to operate.

The district court dismissed the complaint as frivolous, stating that it contained only delusional and nonsensical allegations, or lacked factual support. Because Larrimore may be able to particularize his complaint to state non-frivolous claims arising from the events described in the complaint, see Coleman v. Peyton, 340 F.2d 603, 604 (4th Cir. 1965), we modify the district court's order to reflect that the dismissal is without prejudice and affirm that disposition.

In appeal No. 08-1327, Larrimore appeals from the district court's order imposing sanctions and a prefiling injunction. We review the imposition of a prefiling injunction for abuse of discretion. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Federal courts may issue prefiling

injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty.  Id.; Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc).  Before enjoining the filing of further actions, however, the district court must afford the litigant notice and an opportunity to be heard.  Cromer, 390 F.3d at 819; In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982).  Here, the district court sua sponte issued the injunction.  Because the court imposed the injunction without affording Larrimore an opportunity to be heard, we vacate the order and remand for further proceedings.

In conclusion, we affirm the order dismissing Larrimore's complaint, as modified to reflect that the dismissal is without prejudice, and we vacate the sanctions and prefiling injunction order and remand for further proceedings.  We deny Larrimore's motion to transfer all his cases to this court, and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 08-1327 VACATED AND REMANDED
No. 08-6244 AFFIRMED AS MODIFIED

-4-