**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-1300**

TIMOTHY BRYAN LARRIMORE,

              Plaintiff -Appellant,

        v.

ELI LILLY AND COMPANY,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:05-cv-00216-D)

Submitted:  July 18, 2008            Decided:  August 5, 2008

Before MICHAEL and MOTZ, Circuit Judges, and WILKINS, Senior Circuit Judge.

Dismissed in part; vacated and remanded in part by unpublished per curiam opinion.

Timothy Bryan Larrimore, Appellant Pro Se.  Henry Little Kitchin, Jr., HELMS, MULLIS & WICKER, Wilmington, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Timothy Larrimore appeals from the district court's orders dismissing his complaint against Eli Lilly & Co., for failure to state a claim upon which relief could be granted, and imposing sanctions and a prefiling injunction. To the extent that Larrimore challenges the dismissal order, we dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)).

The district court's order was entered on the docket on March 27, 2006. The notice of appeal was filed on March 10, 2008. Because Larrimore failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal in part as to the underlying dismissal order.

Larrimore's notice of appeal was timely, however, as to the district court's order imposing sanctions and a prefiling injunction. We review the imposition of a prefiling injunction for

-2-

abuse of discretion.  <u>Cromer v. Kraft Foods N. Am., Inc.</u>, 390 F.3d 812, 817 (4th Cir. 2004).  Federal courts may issue prefiling injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty.  <u>Id.</u>; <u>Procup v. Strickland</u>, 792 F.2d 1069, 1073-74 (11th Cir. 1986) (en banc).  Before enjoining the filing of further actions, however, the district court must afford the litigant notice and an opportunity to be heard.  <u>Cromer</u>, 390 F.3d at 819; <u>In re Oliver</u>, 682 F.2d 443, 446 (3d Cir. 1982).  Here, the district court sua sponte issued the injunction.  Because the court imposed the injunction without affording Larrimore an opportunity to be heard, we vacate the order and remand for further proceedings.  <u>See</u> <u>Cromer</u>, 390 F.3d at 819.

In conclusion, we dismiss the appeal as untimely as to the order dismissing Larrimore's complaint against Eli Lilly, and vacate the order imposing sanctions and a prefiling injunction and remand for further proceedings.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u><br><u>VACATED AND REMANDED IN PART</u>