**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2997
_____

M.R. MIKKILINENI

v.

GIBSON-THOMAS ENGINEERING CO, INC.;
EDWARD SCHMITT; MARK GERA; DERRY
TOWNSHIP MUNICIPAL AUTHORITY; INDIANA
COUNTY TRANSIT AUTHORITY; INDIANA
COUNTY COMMISSIONERS; LINDSAY MCCABE
& LEE; ZIMMER KUNZ; COMMONWEALTH
OF PENNSYLVANIA; UNITED STATES

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00491)
District Judge:  Honorable Arthur J. Schwab

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 11, 2010
Before: SLOVITER, CHAGARES and WEIS, Circuit Judges
(Opinion filed: May 12, 2010)

_____

OPINION
_____

PER CURIAM.

Appellant M.R. Mikkilineni initiated a pro se civil action in United States District Court for the District of Columbia against Gibson-Thomas Engineering Company ("GTE") and two of its employees, Edward Schmitt and Mark Gera, among others. After the action was transferred to the Western District of Pennsylvania, the District Court dismissed it *sua sponte* in an order entered on April 21, 2004. The court reasoned that Mikkilineni had previously been determined to have engaged in vexatious litigation against the named defendants, and that the instant complaint contained claims identical to those previously litigated. The complaint was wholly insubstantial, frivolous, and completely devoid of merit, and thus the District Court dismissed it for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). See Oneida Indian Nation of N.Y. v. Oneida County, N.Y., 414 U.S. 661, 666 (1974) (some federal questions are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court"). The District Court directed the Clerk not to accept any other pro se complaints from Mikkilineni unless he obtained prior authorization from the court. Mikkilineni filed a response to the court's order but he did not file a notice of appeal.

On April 9, 2009, Mikkilineni filed a Rule 60(b) motion, which the District Court denied in an order entered on April 13, 2009. On May 11, 2009, Mikkilineni filed a motion for reconsideration of that order, which the District Court also denied.

2

Mikkilineni has separately appealed the April 13, 2009 order of the District Court denying his Rule 60(b) motion at C.A. No. 09-2434.

At issue in this appeal, following the June 5, 2009 denial of his motion for reconsideration, Mikkilineni filed an item in the district court, on June 23, 2009, titled "Plaintiff's Application for leave to file Complaint with new Causes of Action." Ironically, on it he noted that the application was related to D.C. Civ. No. 04-cv-00491, and the defendants named in the proposed complaint included, among others, GTE and its employees. Through this application, Mikkilineni sought to accomplish what he could not through his Rule 60(b) motion and motion for reconsideration – that is, file a complaint – by complying with the injunction and asking for permission from the District Court in advance of pursuing the new action.

GTE submitted a response, asserting that Mikkilineni's application and proposed complaint did not involve new causes of action and was barred by the District Court's April 21, 2004 order enjoining Mikkilineni from filing any further litigation of a harassing nature against GTE. Mikkilineni's application was impermissibly designed to collaterally attack a valid state court judgment related to his vexatious litigation. In sum, after years and years of enduring Mikkilineni's vexatious litigation in federal court, and incurring substantial legal fees defending those actions, GTE had filed an action in state court under the provisions of 42 Pa. Cons. Stat. Ann. § 8351 et seq. for Mikkilineni's wrongful use of civil proceedings. GTE had prevailed in that action and obtained a

3

judgment against Mikkilineni in the amount of $115,390.83. At the conclusion of Mikkilineni's state court appeals, GTE obtained a Writ of Execution and Mikkilineni's Bank of America account then was garnished in the amount of $131,610.34, which included interest and costs.

> GTE stated:
>
> Mikkilineni has no concept of finality. The various matters that he has incessantly filed against the Defendants and others have no legal or factual basis as numerous courts have determined through the appropriate judicial processes. This Court needs to look no further than Mikkileneni's own Exhibit 2 attached to his Complaint as evidence of his handiwork. Exhibit 2 is a copy of the Complaint filed by GTE in the matter at No. 6137 of 2001. A review of the Complaint, and specifically Paragraph 13, shows the 21+ matters Mikkilineni has filed against the Defendants since 1992. All 21 matters, replete with the same allegations of fraud, injustice, deprivation of rights and tortuous injury inflicted upon Mikkilineni by various Defendants that he sets forth in the instant case, have been dismissed over and over.

(GTE Response, at 5.)

In an order entered on June 26, 2009, the District Court denied Mikkilineni's application for leave to file a complaint with new causes of action as an impermissible attempt to harass GTE and circumvent the court's previous rulings. Mikkilineni appeals.

We will affirm. We review the District Court's order enforcing its injunction for an abuse of discretion, Int'l Union, United Automobile, Aerospace and Agr. Implement Workers of America, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d

4

Cir.1987). An "abuse of discretion exists where the district court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." Id. As a threshold matter, Mikkilineni lost the opportunity to have review of the validity of the District Court's April 21, 2004 order barring him from filing any further civil actions without prior authorization when he failed to timely appeal it. Accordingly, we proceed on the basis that the injunction is valid and may be enforced.

District courts in this circuit may issue an injunction to require vexatious litigants to obtain the approval of the court before filing further complaints. Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990). Nevertheless, "[a]ccess to the courts is a fundamental tenet of our judicial system; legitimate claims should receive a full and fair hearing no matter how litigious the plaintiff may be." In re Oliver, 682 F.2d 443, 446 (3d Cir. 1982). To protect a litigious litigant's legitimate claims, we have previously approved of an order "directing that the litigant not file any section 1983 claims without leave of court and that in seeking leave of court, the litigant certify (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal courts, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law." Abdul-Akbar, 901 F.2d at 333. Based on the response filed by GTE, it plainly appears that leave to file a new complaint properly was denied because Mikkilineni cannot meet this test for establishing that he has a legitimate claim. The complaint he proposed to file

5

against GTE, Bank of America, and the state court judge is precisely the kind of harassing litigation the injunction properly was designed to prevent.

We will affirm the order of the District Court denying Mikkilineni's application for leave to file a complaint with "new causes of action."