**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 13-2357 & 13-3638
_____

ALBERT M. ROBINSON

v.

STATE OF NEW JERSEY MERCER COUNTY VICINAGE - FAMILY DIVISION;
SANDRA TERRY; DOUG MECKEL; SUE REGAN

*ANITA BHAGGAN-ROBINSON, ALBERT M. ROBINSON,

Appellants

*Pursuant to Fed. R. App. P. 12(b)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3-11-cv-06139)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 4, 2014
Before:  FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Filed: April 4, 2014)
_____

OPINION
_____

PER CURIAM

Albert Robinson, proceeding pro se, seeks review of District Court orders that, inter alia, denied his motion to consolidate several cases and granted the defendants' motion for summary judgment. For the following reasons, we will affirm.

In 1990, the Superior Court of New Jersey entered a final restraining order ("FRO") against Robinson in a domestic relations action. Robinson did not become aware of the FRO until 2009, when, as the result of a background check, he was advised that he was not eligible to purchase a firearm while the FRO was active. In November 2009, Robinson successfully moved to dissolve the FRO.

In October 2011, Robinson initiated the present action, the basis of which was his allegation that the order granting the FRO had been forged. He named as defendants the Family Division of the Superior Court of New Jersey and three court employees, Sandra L. Terry, Sue Regan, and Douglas Meckel. Robinson alleged that the defendants violated his constitutional rights under 42 U.S.C. § 1983, and sought redress for state-law defamation, intentional infliction of emotional distress, misappropriation of name, fraud, negligence, and nuisance torts. The District Court granted the defendants' motion to dismiss, holding that Robinson's claims against the defendants in their official capacities were barred by the Eleventh Amendment and that the Rooker-Feldman doctrine precluded Robinson's claims against the defendants in their individual capacities.[1] On appeal, we concluded that the "claims against the Family Division and the official-capacity defendants were properly dismissed[,]" but held that the Rooker-Feldman

---

[1] The District Court also denied as moot a motion filed by Robinson's wife, Anita Bhaggan-Robinson, to intervene in the action. Bhaggan-Robinson did sign the notice of

2

doctrine did not bar Robinson's claims because success in the federal suit would not call the state court judgment into question. Robinson v. N.J. Mercer Cnty. Vicinage-Family Div., 514 F. App'x. 146, 149-50 (3d Cir. 2013) (not precedential) (footnote omitted from quotation).

After the case was remanded, Robinson filed numerous motions, including a motion to consolidate it with two other cases that were related to the FRO. By order entered April 23, 2013, the District Court denied the consolidation motion, and, in a separate order entered the same day, directed that the Clerk not "accept for filing any new case, proceeding, motion or other litigation document submitted by or on behalf of Plaintiff Albert M. Robinson . . ., in a matter related to [the] Defendants . . . without a written order of this Court." Robinson filed a notice of appeal as to those orders, and the matter was docketed here at C.A. No. 13-2357.

Meanwhile, the parties filed cross-motions for summary judgment. The District Court denied Robinson's motion and granted the defendants' motion, holding that Robinson's claims lacked merit. In reaching this conclusion, the District Court noted that Robinson "failed to provide evidentiary support for his allegations in moving for summary judgment and has also failed to oppose Defendants' Statement of Material Facts." Therefore, the District Court "deemed admitted" the material facts set forth by the defendants, including their assertion that the FRO was authentic. Robinson appealed, and the matter was docketed here at C.A. No. 13-3638, and consolidated with C.A. No. 13-2357 for disposition.

---

appeal, however, and is a party to these proceedings.

3

Our jurisdiction is pursuant to 28 U.S.C. § 1291. See also Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983) (holding that premature notice of appeal, filed after disposition of some claims, but before entry of final judgment, will ripen upon court's disposal of remaining claims). We review for abuse of discretion the District Court's denial of the motion to consolidate and its order imposing filing restrictions.[2] Young v. City of Augusta, 59 F.3d 1160, 1169 (11th Cir. 1995); Abdul-Akbar v. Watson, 901 F.2d 329, 331 (3d Cir. 1990). We exercise plenary review over the decision granting summary judgment, using the same standard applied by the District Court. See Doe v. Luzerne Cnty., 660 F.3d 169, 174 (3d Cir. 2011).

The District Court properly denied Robinson's motion to consolidate. The District Court has broad discretion to consolidate matters involving common questions or law or fact. See Fed. R. Civ. P. 42(a). Robinson sought to consolidate the present case with Howard v. Robinson, D.N.J Civ. No. 13-cv-00206, and Robinson v. N.J. Attorney General, D.N.J. Civ. No. 12-cv-07861. Although those cases also involved, at least tangentially, challenges to the FRO, consolidation would have been inefficient. When

---

[2] To the extent that Robinson also seeks to appeal from an order granting the defendants motion for an extension of time to oppose his motion for summary judgment and to file a cross-motion for summary judgment, we conclude that there was no abuse of discretion. See Planned Parenthood of Cent. N.J. v. Att'y Gen. of the State of N.J., 297 F.3d 253, 259 (3d Cir. 2002). In their motion, which Robinson did not contest, the defendants noted that additional time was required to obtain certifications from state court judges (one of whom was on medical leave) involved in the FRO proceedings. See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982) ("We will not interfere with a trial court's control of its docket except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." (quotation marks omitted)).

Robinson filed the motion to consolidate, Howard v. Robinson had been remanded to state court, see 28 U.S.C. § 1447(c), and the defendants had yet to be served with the complaint in Robinson v. Attorney General. See EEOC v. HBE Corp., 135 F.3d 543, 551 (8th Cir. 1998) (holding that "[c]onsolidation is inappropriate . . . if it leads to inefficiency, inconvenience, or unfair prejudice to a party.").

We also conclude that the District Court did not abuse its discretion in enjoining Robinson from filing any new case, proceeding, motion, or other litigation document without written permission. A District Court has broad power under 28 U.S.C. § 1651 to issue an injunction to restrict the filing of meritless pleadings. But such an injunction is an extreme measure that must "be narrowly tailored and sparingly used." Matter of Packer Ave. Assoc., 884 F.2d 745, 747 (3d Cir. 1989); In re Oliver, 682 F.2d 443, 445 (3d Cir. 1982). Accordingly, we have held that "[t]he broad scope of the District Court's power . . . is limited by two fundamental tenets of our legal system—the litigant's rights to due process and access to the courts." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). Neither of those tenants has been abridged here. In the order entered on April 23, 2013, the District Court noted that, in the two months following our remand, Robinson had filed at least seven motions.[3] In addition, the District Court recognized a letter from the defendants, which stated that they could not "present a complete cross-motion for summary judgment when Robinson bombards this Court and defendants with motions

---

[3] These include two amended motions for summary judgment, a "Motion . . . to Amend Petition," a motion for reconsideration, a motion for sanctions, a motion to appoint counsel, and the motion to consolidate.

5

that would clearly have an impact on a motion for summary judgment." Notably, the District Court later clarified, and effectively narrowed, its April 23, 2013 order, stating that it was intended "to allow Defendants an opportunity to respond to pending motions and file a cross-motion for summary judgment." The District Court also specifically provided that Robinson was not "preclude[d] . . . from filing opposition or reply papers in accordance with the Federal Rules of Civil Procedure." Thereafter, Robinson opposed the filing injunction, as well as the defendants' cross-motion for summary judgment. Under the circumstances, we are satisfied that there has been no abuse of discretion.[4]

Finally, we conclude that the District Court properly granted summary judgment in favor of the defendants. There is no genuine issue of material fact as to whether the FRO was authentic. Robinson's claims are premised on his allegation that the defendants backdated and otherwise modified the FRO to resemble an order from 1990. In their statement of undisputed material facts, the defendants asserted that the FRO was not a forgery.[5] See D.N.J. L. Civ. R. 56.1. Robinson did not oppose that assertion, nor did he

---

[4] We also conclude that the District Court did not abuse its discretion in denying Robinson's motions for sanctions. We generally review a ruling on a motion for Rule 11 sanctions for abuse of discretion. Gary v. The Braddock Cemetery, 517 F.3d 195, 201 (3d Cir. 2008). On appeal, Robinson argues that the District Court should have sanctioned the defendants and their attorneys because they "knew that the FRO was forged but filed their Motion to Dismiss and submitted even more forged documents to support the original FRO." Importantly, however, the record does not contain any credible evidence to support Robinson's claims.

[5] This assertion was based on affidavits from: (1) the complainant, who initiated the domestic relations action; (2) the domestic violence advocate, who helped the complainant complete the pre-court interview form, and (3) court personnel and judges who were involved in the proceedings and who recognized the markings and signatures on the relevant court documents.

provide citations to materials in the record in support of his own motion for summary judgment.[6] Therefore, the District Court did not err in concluding that the defendants' material facts concerning the authenticity of the FRO are undisputed. Furthermore, the defendants are entitled to judgment as a matter of law on Robinson's constitutional and state law claims. See United States v. One Piece of Real Prop., 363 F.3d 1099, 1101 (11th Cir. 2004) (stating that a district court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion."); Anchorage Assocs. v. V.I. Bd. of Tax Review, 922 F.2d 168, 175 (3d Cir. 1990). Robinson alleged that his rights under the First, Second, Fourth, Sixth, Eighth, and Fourteenth Amendments were violated when the defendants "illegally used the identity of the [domestic relations action complainant] to create a fraudulent . . . FRO," and then submitted the FRO to a law enforcement database. His state law claims are also dependent on the creation and submission of a fraudulent FRO. Because the undisputed

---

[6] Robinson did not strictly comply with the local rules, which state that "[t]he opponent of summary judgment shall furnish, with its opposition papers, a responsive statement of material facts, addressing each paragraph of the movant's statement, indicating agreement or disagreement and, if not agreed, stating each material fact in dispute and citing to the affidavits and other documents submitted in connection with the motion; any material fact not disputed shall be deemed undisputed for purposes of the summary judgment motion." D.N.J. L. Civ. R. 56.1(a); see also Fed. R. Civ. P. 56(e). But he did argue that the defendants' statement of material fact was generally not credible because of several inconsistencies. See Lorenzo v. Griffith, 12 F.3d 23, 28 (3d Cir. 1993) (noting that the purpose of certain district court local rules is the "[f]acilitation of the court's disposition of motions, not punishment."). As the District Court adequately explained, however, those inconsistencies were the result of "scrivener's error[s]," which the defendants corrected in supplemental certifications.

material facts indicate that the FRO is genuine, however, the District Court properly

granted summary judgment in favor of the defendants.

      For the foregoing reasons, we will affirm the judgment of the District Court.