**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-6223**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

DAVID HILL,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:01-cr-00191-CMH-1)

---

Submitted:  July 26, 2022                                          Decided:  September 22, 2022

---

Before MOTZ, AGEE, and DIAZ, Circuit Judges.

---

Vacated and remanded by unpublished per curiam opinion.

---

David Hill, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

David Hill, a federal inmate, appeals the district court's January 26, 2022, order imposing a prefiling injunction on Hill. Federal courts may issue prefiling injunctions when vexatious conduct hinders the court from fulfilling its constitutional duty. *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 817 (4th Cir. 2004). However, before doing so, the district court must afford the litigant notice and an opportunity to be heard. *Id*. at 819; *accord In re Oliver*, 682 F.2d 443, 446 (3d Cir. 1982). We review the imposition of a prefiling injunction for abuse of discretion. *Cromer*, 390 F.3d at 817.

Hill argues, in relevant part, that the district court abused its discretion by imposing the prefiling injunction without providing timely notice of its intent to do so and affording Hill the opportunity to be heard on the matter. Hill acknowledges, though, that the court provided such notice through its December 9, 2021, order issued in a separate civil action. *See Hill v. McNulty*, No. 1:21-cv-00112-CMH-TCB (E.D. Va., PACER No. 59). This order afforded Hill 14 days to "show[] cause as to why [Hill] should not be enjoined from filing future pleadings related to his 2001 criminal conviction in this Court." *Id*. at 5. Hill contends that he did not receive this order until February 2022—well after expiration of the 14-day opposition period and imposition of the prefiling injunction.

We have reviewed the relevant record materials and find that they support Hill's claim that he did not receive the December 9, 2021, order in a timely manner. Thus, although the district court issued the proper notice, Hill did not have an actual opportunity to be heard prior to imposition of the prefiling injunction. Accordingly, we vacate the

2

district court's January 26, 2022, order imposing a prefiling injunction in Hill's criminal case and remand this matter for further proceedings.

On remand, the district court should (1) reissue its notice of the court's intent to impose a prefiling injunction; and (2) allow Hill an opportunity to respond. We deny Hill's motion for reassignment to a different district judge and deny as unnecessary Hill's motion for this court to take judicial notice of FBI documents and laboratory results. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*